**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **RAYTHEON COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-448C** |
| | ) | **(Judge Firestone)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant** | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant, the United States of America, admits, denies, and alleges as follows:

**PARTIES**

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

**JURISDICTION**

3. Admits that the U. S. Navy, Naval Sea Systems Command, awarded Contract No. N00024-00-C-5137 ("Contract No. 5137") to Raytheon Company, d/b/a Raytheon Systems Company; otherwise denies the remaining allegations contained in the first sentence of paragraph 3. Admits the allegations contained in the second sentence of paragraph 3. The allegations contained in the third sentence of paragraph 3 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the

documents referred to, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the documents referred to, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the documents referred to, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the documents referred to, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 7.

8. The allegations contained in paragraph 8 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

## PLAINTIFF'S SUMMARY OF FACTS

### I. Plaintiff's Introduction

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegations contained in the first sentence of paragraph 11. Denies the allegations contained in the second, third, fourth and fifth sentences of paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

## II. Plaintiff's Allegations Concerning Cost Accounting Standards 412 and 413

12. The allegations contained in paragraph 12 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

## III. Plaintiff's Allegations Concerning the Contract

17. Admits that the U. S. Navy, Naval Sea Systems Command, awarded Contract No. 5137 to Raytheon Company, d/b/a Raytheon Systems Company on or about December 30, 1999; otherwise denies the remaining allegations contained in the first sentence of paragraph 17. Admits the allegations contained in the second sentence of paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the

document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 18.

19. The allegations contained in paragraph 19 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**IV. Plaintiff's Allegations Concerning the Optical Claim**

20. Denies the allegations contained in the first sentence of paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second and third sentences of paragraph 20 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in the second and third sentences of paragraph 20.

21. The allegations contained in paragraph 21 are conclusions of law and plaintiff's characterization of its cause of action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 are conclusions of law and plaintiff's characterization of its cause of action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. Admits the allegations contained in paragraph 23 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining

allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 25.

**V. Plaintiff's Allegations Concerning the PWF Claim**

26. Denies the allegations contained in the first sentence of paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second and third sentences of paragraph 26 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in the second and third sentences of paragraph 26.

27. The allegations contained in paragraph 27 are conclusions of law and plaintiff's characterization of its cause of action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 are conclusions of law and plaintiff's characterization of its cause of action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. Admits the allegations contained in paragraph 29 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 31.

**VI. Plaintiff's Allegations Concerning the Aerospace Claim**

32. Denies the allegations contained in the first sentence of paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 32 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in the second sentence of paragraph 32.

33. The allegations contained in paragraph 33 are conclusions of law and plaintiff's characterization of its cause of action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 are conclusions of law and plaintiff's characterization of its cause of action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35. Admits the allegations contained in paragraph 35 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 36.

37. Admits the allegations contained in paragraph 37 to the extent supported by the

document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 37.

**VII. Plaintiff's Allegations Concerning the AIS Claim**

38. Denies the allegations contained in the first sentence of paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second and third sentences of paragraph 38 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in the second and third sentences of paragraph 38.

39. The allegations contained in paragraph 39 are conclusions of law and plaintiff's characterization of its cause of action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 are conclusions of law and plaintiff's characterization of its cause of action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

41. Admits the allegations contained in paragraph 41 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 42.

43. Admits the allegations contained in paragraph 43 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining

allegations contained in paragraph 43.

**COUNT I**
**(Optical Claim)**

44. Defendant's responses to paragraphs 1 through 43 of the complaint are incorporated by reference.

45. The allegations contained in paragraph 45 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

46. The allegations contained in paragraph 46 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**COUNT II**
**(PWF Claim)**

49. Defendant's responses to paragraphs 1 through 43 of the complaint are incorporated by reference.

50. The allegations contained in paragraph 50 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

53. The allegations contained in paragraph 53 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**COUNT III**
**(Aerospace Claim)**

54. Defendant's responses to paragraphs 1 through 43 of the complaint are incorporated by reference.

55. The allegations contained in paragraph 55 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

58. The allegations contained in paragraph 58 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**COUNT IV**
**(AIS Claim)**

59. Defendant's responses to paragraphs 1 through 43 of the complaint are incorporated by reference.

60. The allegations contained in paragraph 60 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

61. The allegations contained in paragraph 61 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

62. The allegations contained in paragraph 62 are conclusions of law, to which no

response is required; to the extent that they may be deemed allegations of fact, they are denied.

63. The allegations contained in paragraph 63 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

64. Denies that plaintiff is entitled to the relief alleged in the prayer for relief immediately following paragraph 63 or to any relief whatsoever.

65. Denies each and every allegation not previously admitted or otherwise qualified.

**First Defense**

Plaintiff's complaint fails to state a claim upon which relief can be granted.

**Second Defense**

Plaintiff's claims are barred in whole or in part by plaintiff's waiver in a series of Novation Agreements of any claims or rights that it had or might have in the future against the Government in connection with the contracts of the closed segments.

**Third Defense**

Plaintiff's claims are barred to the extent that plaintiff failed to fund the amounts of the segment-closing adjustments that plaintiff claims by timely contribution to its pension plans, as required by Federal Acquisition Regulation ("FAR") § 31.205-6(j), 48 C.F.R. § 31.205-6(j) (1995), Cost Accounting Standard 412, 48 C.F.R. § 9904.412 (1995), and the Allowable Cost and Payment clause at FAR § 52.216-7, 48 C.F.R. § 52.216-7 (1995),

**Fourth Defense**

Plaintiff's recovery upon its claims is limited to the maximum amount recoverable under the Limitation of Cost clause at FAR § 52.232-20, 48 C.F.R. § 52.232-20 (1995), and the Limitation of Funds clause at FAR § 52.232-22, 48 C.F.R. § 52.232-22 (1995).

**Fifth Defense**

With respect to the portion of any closed segment's alleged pension deficit that is attributable to pension costs allocated to contracts that were entered into under CAS 413 as originally promulgated (initially codified at 4 C.F.R. § 413 (1986) ("Old CAS 413")), and not under CAS 413 as amended in 1995 (codified at 48 C.F.R. § 9904.413 (1995) ("New CAS 413")), the Government is entitled to an equitable adjustment under the Cost Accounting Standards clause at FAR 52.230-3 (Cost Accounting Standards), 48 C.F.R. § 52.230-2 (1995), to the extent that it would be required to pay a greater amount of segment-closing adjustment with respect to any such portion under New CAS 413 than it would under Old CAS 413.

**Sixth Defense**

Plaintiff's claims with respect to the PWF unit are barred because the PWF unit had no contracts with the Government and was therefore not in privity of contract with the Government.

**Seventh Defense**

Because, upon information and belief, plaintiff's PWF unit had no contracts with the Government and had no subcontracts with entities that had prime contracts with the Government, no segment-closing adjustment is required under CAS 413 upon the sale of that unit.

**Eighth Defense**

Plaintiff's claims that are based upon the PWF unit's subcontracts with entities other than the United States are barred because the PWF unit was not in privity of contract with the United States with respect to such subcontracts.

**Ninth Defense**

Because plaintiff's retiree medical benefit plans are not separately-funded retirement plans within the definition of CAS 412.50(a)(7), 48 C.F.R. § 9904.412-50(a)(7) (1995), plaintiff's post-retirement medical benefit costs ("PRB costs") are not pension costs. For this reason, and because the amounts claimed were not timely funded, plaintiff's claimed PRB costs cannot be the subject of a segment-closing adjustment of pension costs under CAS 413, and are not recoverable either under CAS 413 or otherwise.

WHEREFORE, defendant respectfully requests that plaintiff's complaint be dismissed with prejudice and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

OF COUNSEL:

LAWRENCE S. RABYNE
Defense Contract Management Agency
1523 W. Central Road
Arlington Heights, IL 60005-2451

Dated: August 5, 2005

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965

Attorney for Defendant United States of America

**CERTIFICATE OF FILING**

I hereby certify that on the 5th day of August, 2005, a copy of the foregoing Defendant's Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird