**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **RAYTHEON COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-448C** |
| | ) | **(Judge Firestone)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A, ¶ III, of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, Raytheon Company ("Raytheon"), and defendant, the United States of America (the "Government") (referred to collectively as "the parties"), respectfully submit the following Joint Preliminary Status Report ("JPSR").

## I. JURISDICTION

Raytheon's position is that the Court has jurisdiction over all issues raised by Raytheon's complaint pursuant to the Contracts Disputes Act of 1978 ("CDA"), 41 U.S.C. § 609(a)(1) and 28 U.S.C. § 1491(a)(1) and (2). The Government has identified no reason to question the subject matter jurisdiction of this Court.

## II. CONSOLIDATION

The parties agree that this case should not be consolidated with any other case currently pending before the Court.

## III. BIFURCATION OF LIABILITY AND DAMAGES

At present, the parties agree that, if the case proceeds to trial, the issues of liability and damages should be tried together.

## IV. DEFERRAL OF PROCEEDINGS

The parties agree that this case should not be deferred pending consideration of any other case before this Court or any other tribunal.

## V. REMAND OR SUSPENSION

Neither party currently seeks remand or suspension.

## VI. JOINDER

Neither party intends to join additional parties at this time.

## VII. DISPOSITIVE MOTIONS

Raytheon anticipates filing a dispositive motion regarding certain Government defenses that are raised in this case that are also at issue in the case of *Viacom Inc. v. United States*, Fed. Cl. No. 01-79C, a case that is also pending before this Court, in which Raytheon has filed a brief as *amicus curiae.* These defenses include defenses based upon the purported funding requirement in the Federal Acquisition Regulation ("FAR") and the Cost Accounting Standards ("CAS"), the FAR's Limitation of Cost and Limitation of Funds clauses, and the Government's purported entitlement to an equitable adjustment under the FAR's CAS clause with respect to the portion of any closed segment's pension deficit that is attributable to contracts entered into before the effective date of the 1995 amendments to CAS 413.50(c)(12) (codified at 48 C.F.R. § 9904.413-50(c)(12) (1995)) ("New CAS 413"), to the extent that the Government would have to pay a greater amount of a segment-closing adjustment with respect to that portion under New CAS 413 than under CAS 413.50(c)(12) as originally promulgated (codified at 4 C.F.R. § 413.50(c)(12) (1986)) ("Old CAS 413")). In the interests of judicial economy, the parties have agreed that Raytheon would defer this motion pending this Court's decision concerning those defenses in *Viacom*.

The Government anticipates filing a dispositive motion, after discovery, on the question whether the liabilities for Raytheon's post-retirement benefits ("PRBs") are properly part of the segment-closing adjustment of previously-determined pension costs under CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12) (1995). Depending upon information received in discovery, the Government may also file dispositive motions regarding whether any segment-closing adjustment is owed for Raytheon's sale of its Printed Wire Fabrication ("PWF") unit, and

whether Raytheon's claims are barred in whole or in part by Raytheon's execution of Novation Agreements in which it waived any claims or rights against the Government relating to contracts of the segments that were sold.

## VIII. RELEVANT FACTUAL AND LEGAL ISSUES

### A. Raytheon's Statement

1. For each of the following Raytheon segments: Optical Systems ("Optical"), Printed Wire Fabrication ("PWF"), Aerospace Division ("Aerospace") and Aircraft Integrated Systems ("AIS"), what is the difference between the market value of the pension assets allocated to such segment and the actuarial accrued liability for such segment as of the date of the segment closing?

2. For each of the following Raytheon segments: Optical, PWF and AIS, what is the actuarial accrued liability for post retirement benefits ("PRB") as of the date of the segment closing?

3. For each of the following Raytheon segments: Optical, PWF, Aerospace and AIS, what is the Government's share of the pension adjustment amount determined in accordance with Cost Accounting Standard ("CAS") 413-50(c)(12)(vi)?

4. For each of the following Raytheon segments: Optical, PWF and AIS, what is the Government's share of the PRB adjustment amount determined in accordance with CAS 413-50(c)(12)(vi) and CAS 412-50(a)(7)?

### B. Government's Statement

At this point, the Government believes that the relevant factual and legal issues are as follows:

**A. Government Defenses:**

1. Whether Raytheon's claim is barred in whole or in part by Raytheon's execution of Novation Agreements in which it waived any claims or rights against the Government relating to contracts of the claimed segments that were sold?

2. Whether Raytheon's claim is barred in whole or in part by Raytheon's failure to fund the amounts of the segment-closing adjustments that it claims, by means of timely contributions to its pension plans, as required by the Federal Acquisition Regulation ("FAR") § 31.205-6(j), 48 C.F.R. § 31.205-6(j) (1995); Cost Accounting Standard 412, 48 C.F.R. § 9904.412 (1995); and the Allowable Cost and Payment clause at FAR § 52.216-7, 48 C.F.R. § 52.216-7 (1995)?

3. Whether Raytheon's recovery is limited to the maximum amounts recoverable under the Limitation of Cost clause at FAR § 52.232-20, 48 C.F.R. § 52.232-20 (1995), and the Limitation of Funds clause at FAR § 52.232-22, 48 C.F.R. § 52.232-22 (1995)?

4. Whether, with respect to the portion of any of the four claimed segments' alleged pension deficits that is attributable to pension costs allocated to contracts that were entered into under Old CAS 413, and not under New CAS 413, the Government is entitled to an equitable adjustment under the Cost Accounting Standards clause at FAR § 52.230-3 (Cost Accounting Standards), 48 C.F.R. § 52.230-2 (1995), to the extent that it would be required to pay a greater amount of segment-closing adjustment with respect to any such portion under New CAS 413 than it would have had to pay under Old CAS 413?

5. Whether Raytheon's claims regarding the Printed Wire Fabrication unit are barred on privity of contract grounds because that unit had no contracts with the Government and no subcontracts with entities that had prime contracts with the Government?

6. Whether Raytheon's liability for PRBs is properly a part of the segment-closing adjustment of previously-determined pension costs under CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12) (1995)?

**B. Issues Relating to Segment-Closing Adjustment Calculations**

1. Whether each of the four claimed segments (Optical Systems, Printed Wire Fabrication, Aerospace Division, and Aircraft Integrated Systems) constituted a "segment" under CAS 413.30(a)(19), 48 C.F.R. § 9904.413-30(a)(19) (1995)?

2. Whether the sale of each of the four claimed segments constituted a "segment closing" under CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12) (1995)?

3. If so, as to each such segment closing, what is the amount of segment-closing adjustment that is required under CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12) (1995)? Specifically:

a. What was the market value of the pension assets allocable to that segment as of the date of the segment closing?

b. What was the amount of that segment's actuarial accrued liability as of the date of the segment closing?

c. What was the "adjustment amount" under CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12) (1995), *i.e.*, the difference between the market value of that segment's allocated pension assets and its actuarial accrued liability as of the date of the segment closing?

d. What is the Government's share of the adjustment amount for that segment, *i.e.*, the fraction calculated under CAS 413.50(c)(12)(vi), 48 C.F.R. § 9904.413-50(c)(12)(vi) (1995)?

## IX. LIKELIHOOD OF SETTLEMENT

The parties' current positions are significantly divergent. The parties anticipate holding settlement discussions as the case proceeds, as appropriate.

## X. TRIAL

Neither party requests expedited trial scheduling at this time. Both parties anticipate proceeding to trial unless the case is earlier resolved by settlement or dispositive motion.

## XI. ELECTRONIC CASE MANAGEMENT NEEDS

The parties are not currently aware of any special issues regarding electronic case management needs.

## XII. OTHER INFORMATION

The parties are not aware of any information of which the Court should be aware at this

time.

**XIII. PROPOSED DISCOVERY PLAN**

The parties propose the following discovery plan for the Court's consideration. The parties' proposed schedule would allow ten months for the completion of fact discovery, beginning on the date that the Court issues a scheduling order. The parties further propose (i) to serve their initial written discovery requests no later than January 17, 2006, (ii) to exchange expert witness reports one month after the close of fact discovery, and (iii) to complete all expert witness depositions within two months after the exchange of expert witness reports.

Respectfully submitted,

s/ Karen L. Manos
KAREN L. MANOS
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202.383.7472
Facsimile: 202.383.6610

Attorney for Plaintiff Raytheon Company

Dated: October 11, 2005

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965

Attorneys for Defendant United States of America

OF COUNSEL:

LAWRENCE S. RABYNE
Defense Contract Management Agency
1523 W. Central Road
Arlington Heights, IL 60005-2451

**CERTIFICATE OF FILING**

I hereby certify that on the 11th day of October, 2005, a copy of the foregoing Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird