**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **RAYTHEON COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-448C** |
| | ) | **(Judge Firestone)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims, the parties have hereto agreed to enter into a protective order ("Order"), which will govern, among other things, the access of the parties to documents that contain information that is confidential, proprietary, privileged, or trade secret information. The parties agree that protected documents and/or information produced in discovery by either Raytheon Company ("Raytheon") or the United States of America (the "Government") during the course of this action shall be disclosed by the parties only as follows:

1. When used in this Order, the word "documents" means all written, recorded, or graphic material whatsoever, including, but not limited to, responses to requests for production of documents or things, documents or things produced herein, interrogatory answers, requests for admission and responses thereto, briefs, memoranda, affidavits, exhibits, deposition transcripts and any portion of any court papers that quote from or summarize any of the foregoing.

2. The designation of material as Confidential Material for purposes of this Order shall be made in the following manner:

**Exhibit A**

(a) The party disclosing or producing the documents or information to be designated as Confidential Material (in whole or in part) shall first have made a good faith determination that the material is Confidential Material.

(b) When either party produces documents and/or things produced for initial inspection to the inspecting party's counsel of record, no marking need be made in advance of the initial inspection. Thereafter, upon selection of specified documents for copying by the inspecting party's counsel of record, the party producing the documents shall mark the copies of such documents with the appropriate confidentiality marking at the time the copies are produced to the inspecting party's counsel of record. In the event that documents are produced without first marking such material as confidential, then the party producing the documents may do so, within 30 days of such production, by notice in writing to the inspecting party's counsel of record. Upon such notification, the parties shall mark any original or copies of such material with the appropriate confidentiality marking.

(c) The designation of documents as Confidential Material shall be made by marking the information in any manner that will not interfere with legibility and reproduction, such as with the word(s) "PROTECTED," or "Proprietary Matter," or other appropriate notice. If a party intends to designate an entire multi-page document, i.e., pages that are stapled, clipped, rubber-banded, or otherwise attached to each other, as Confidential Material, marking the first page of that document "PROTECTED," or "Proprietary Matter," or with another appropriate notice will suffice.

(d) The transcript of any deposition or other pretrial testimony by any witness shall be deemed Confidential Material in its entirety for a period of ten (10) business days

following the receipt of such transcript by each party's counsel of record. Any party designating such testimony as Confidential Material shall provide the other party with an appropriately-marked transcript identifying those portions of the transcript that contain Confidential Material. Upon notification, remaining copies of the transcript shall be marked in accordance therewith.

(e) Should a party inadvertently fail to designate information as Confidential Material or mistakenly designate information as Confidential Material, the party discovering the inadvertence or mistake shall notify the other party for prompt correction.

(f) Counsel for either party may at any time object to the designation of information as Confidential Material. If, after mutual consultation, the designating party and the objecting party are unable to resolve the objection, the objecting party may submit the matter to the Court for resolution. Until the Court resolves the dispute, the information shall be treated as Confidential Material.

3. Documents and information designated as Confidential Material shall be disclosed only to:

(a) Counsel of record and employees of such counsel, and in-house counsel for the parties who have functional responsibilities relating to the preparation and trial of this action;

(b) Employees of a party who are assisting counsel in the prosecution and defense of this action;

(c) Consultants, investigators and experts retained by the parties or counsel to assist (whether designated as trial witnesses or not) in the preparation and trial of this action;

(d) Court reporters engaged for depositions, and employees of such court reporters reasonably necessary for the transcription of depositions;

(e) The Court and its personnel and any appeal herein; and

(f) Any other person or entity to whom counsel for the party producing the confidential information agree in writing, or who the Court directs to have access to such information.

4. Any person described in paragraphs 3(b), 3(c), 3(d) or 3(f) to whom Confidential Material is disclosed shall be informed of the confidentiality undertakings set forth in this Order and shall execute an agreement in the form of the confidentiality agreement attached hereto as Exhibit A.

5. Confidential Material and the protected information contained therein shall be used solely for the purposes of this litigation and it shall not be disclosed to anyone other than those individuals identified in paragraph 3 above unless the Order is modified by the Court.

6. If Confidential Material and the protected information contained therein is disclosed to any person other than in the manner authorized by this Order, or is utilized in any manner other than as authorized by this Order, the person responsible for the disclosure or use shall, upon discovery of the disclosure or use, immediately inform the party whose information is disclosed of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the person responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made. The person responsible for the disclosure shall also make reasonable efforts to prevent disclosure by each person who received Confidential Material and to obtain the return of the Confidential Material.

7. No document (including motions, briefs, depositions, and exhibits) containing protected information shall be filed with the Clerk of the Court unless filed separately under seal in an envelope with a legend on the envelope and documents substantially as follows:

> This envelope/document contains protected information.
> Disclosure or use of such information is restricted by Court order.
> This document is filed under seal.

8. Nothing contained in this Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of protected documents consistent with this agreement, prevent or limit in any way use of such documents and information by any agency in any proceeding regarding any potential violation of law or regulations.

9. The inadvertent or mistaken production of any privileged documents shall be without prejudice to any claims that the document is privileged, and shall constitute neither a waiver of any privilege that may otherwise attach thereto nor a general waiver of such privilege. Upon demand of the party who produced the documents in discovery, all copies of any inadvertently produced documents shall not be copied, shall be returned within five (5) business days of such demand, and such documents shall not be introduced into evidence, or be subject to production, in this or any other proceeding without the consent of the party who produced the documents in discovery. This agreement shall not deprive Raytheon or the Government of the right to contest any privilege claim.

10. Within sixty (60) days after the final disposition of all claims and defenses, by settlement or expiration of time to appeal, all Confidential Material produced by Raytheon and the Government in discovery, including any reproductions of such documents, must be either: (a) returned to the party who produced the documents in discovery or its counsel; or (b) destroyed and a written certification of such destruction provided by counsel for the receiving party.

__________________________________
Judge Nancy B. Firestone

Dated: _____________, 2006

**EXHIBIT A**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **RAYTHEON COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. 05-448C**<br>**(Judge Firestone)** |

**DECLARATION OF**

STATE OF ____ )
)
COUNTY OF ______ )

1. My name is ______________________ .

2. My business is _________________________________.

3. My present employer is __________________________________ .

4. My present occupation or job description is _____________________ .

5. I have received a copy of the Protective Order issued in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Protective Order.

7. I will comply with all of the provisions of the Protective Order.

8. I will hold all protected documents and information and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such documents or information to

anyone not specifically entitled to access under the Protective Order, and will use the documents and information solely for purposes of this litigation, except as provided by the Protective Order.

9. At the conclusion of this litigation, I will return all originals of all protected documents and information and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: