**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **RAYTHEON COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-448C** |
| | ) | **(Judge Firestone)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant** | ) | |

**DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO COMPLETE FACT DISCOVERY AND DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO COMPLETE LIMITED FACT DISCOVERY**

Pursuant to RCFC 6(b) and 6.1, defendant, the United States, respectfully requests that the Court enter an order granting both parties an enlargement of time of approximately three and a half months (110 days), to and including January 31, 2007, within which to complete all fact discovery in this case. Absent the requested enlargement, the parties would be required to complete all fact discovery by October 13, 2006. *See* Order dated March 29, 2006. This is defendant's first request for an enlargement of time for this purpose. Plaintiff's counsel has advised that it opposes defendant's motion.

Defendant also responds in this memorandum to Plaintiff's Motion for Enlargement of Time to Complete Limited Discovery ("Plaintiff's Motion"), dated October 11, 2006, pursuant to the Court's request that defendant file its response to Plaintiff's Motion no later than Monday, October 16, 2006.

Defendant's position is clear. As a matter of fairness, the Court should grant a reasonable extension of the fact discovery period for both parties (to and including January 31, 2007), not the one-sided extension that plaintiff demands solely for its benefit (to take three

depositions). Granting the enlargement that defendant has requested would cause no prejudice to Raytheon, while denying it would substantially prejudice defendant in its defense of this case.

As the Court is aware, this is a major case of considerable complexity. It involves Raytheon's claims that total almost $87 million for the adjustment under CAS 413 of previously-determined pension costs as a result of four separate segment closings,[1] as well as Raytheon's claims – also under CAS 413 – for the payment of the closed segments' post-retirement benefit deficits ("PRBs"). This case raises numerous significant factual issues and related legal issues, including such issues as the allowability in a CAS 413 segment closing adjustment of Raytheon's PRB deficits, the proper calculation of the amount of those deficits, whether the Government is required to pay for the pension deficit of a business unit (the PWF unit) that had no CAS-covered prime contracts, and the determination of the portion of each segment's pension deficit that is attributable to pension contributions allocated to contracts entered into under Original CAS 413 (*i.e.*, the original version of CAS 413 that was issued by the Cost Accounting Standards Board in 1977, codified at 4 C.F.R. § 413 (1986)), and the portion of such deficit that was attributable to pension contributions allocated to contracts entered into under Revised CAS 413 (*i.e.*, CAS 413 as amended in 1995, codified at 48 C.F.R. § 9904.413 (1995)). This latter issue must be addressed in order to apply the Court's holding in another case that the Government is entitled to an equitable adjustment to the extent that application of Revised CAS

[1] As the Court is also aware, there is a dispute about whether Raytheon's sale of its Printed Wire Fabrication ("PWF") unit was in fact a segment closing for purposes of CAS 413.50(c)(12), 48 C.F.R. § 9904.413.50(c)(12). *See* Joint Preliminary Status Report, dated October 11, 2005, at 4, Section VIII.B.1. For ease of reference, we will refer to the case as involving "four segment closings" without conceding that the sale of the PWF unit constituted a segment closing under the provisions of CAS 413.50(c)(12).

413 to the portion of a closed segment's pension deficit that is attributable to contracts entered into before the effective date of Revised CAS 413 would make the Government "liable for more under the revised CAS 413 than [it] would have been liable for under the original CAS 413." *Viacom Inc. v. United States*, 70 Fed. Cl. 649, 663 (2006). These issues are issues that are in addition to the issues that must be addressed in every CAS 413 segment-closing case – issues concerning the proper determination of (i) the market value of the pension assets properly allocable to each segment, (ii) the actuarial accrued liability of that segment, and (iii) the Government's share of any resulting pension deficit or surplus.

These are complicated, fact-intensive issues. Fairness requires that both parties be given a reasonable opportunity to take the discovery that they need in order to prepare for dispositive motions or trial. Raytheon, which had ample opportunity to prepare its case before it filed suit in this case, suggests that it needs an enlargement only for the limited purpose of taking three depositions, depositions that the parties are in the process of scheduling.[2] Although Raytheon

---

[2] Raytheon complains that defendant did not respond with sufficient promptness to Raytheon's September 13 letter request to schedule the depositions of three Government employees (located in Staten Island, NY and the Boston area) in Washington, D.C. during the week of September 25-29, 2006, less than two weeks later. On September 19, defendant advised Raytheon that the depositions could not go forward during that week, that defendant was attempting to find dates when counsel and witnesses would be available, and that defendant hoped to be able to propose a schedule shortly. Defendant's response was delayed by the need to ascertain the various deponents' availability and ability to travel to Washington as Raytheon had requested, and by undersigned counsel for defendant's absence from the office on September 26-29, 2006 due to illness. On October 3, defendant responded with suggested dates for these depositions in Staten Island, NY and the Boston area during the week of October 23-27. After initially accepting these dates (stating that "the dates you proposed are acceptable with one exception," E-Mail Message dated October 3, 2006 from K. Manos to C. Bird, contained in Attachment "A," at 3), Raytheon then unaccountably withdrew its acceptance (E-Mail Message dated October 9, 200 from K. Manos to C. Bird, *id.* at 2), because its counsel had apparently scheduled an ADR proceeding in another matter for October 25. Raytheon then sent incomplete (continued...)

disputes this, it is also the case that Raytheon will need an enlargement of the discovery period for the Government to respond to some burdensome additional document requests that Raytheon attempted to serve on September 13 (the last possible date upon which to serve such requests and still require the Government to respond by October 13, the fact discovery deadline). *See* Plaintiff's Second Set of Requests for Production of Documents ("Second Document Requests"), dated September 13, 2006 (copy attached as Attachment "B"). Raytheon failed to properly effect such service, however, because the Government never agreed, in writing or otherwise, to accept electronic service as a substitute for proper service under the Rules of this Court. *See* RCFC 5(b)(2)(D), 6(e). Defendant is raising this issue not because it is asking the Court to enforce the Court's rules strictly in this regard (defendant intends to serve its written responses to Raytheon's Second Document Requests on October 16), but only to make the point that both parties need additional time to complete discovery.

Defendant needs additional time for a number of reasons, including the difficulty that defendant experienced in scanning the more than 20,000 pages of documents that Raytheon provided in paper form and in more than 20 compact disks in late July, less than three months ago. Raytheon provided these documents in response to Defendant's First Set of Interrogatories and Requests for Production of Documents, served February 24, 2006. Although Raytheon stated that it was ready to produce these documents well before July, it refused to produce any of its documents until the Government was ready to produce its documents. As a result of these

---

[2](...continued)
notices of deposition for dates in the following week (October 30 – November 1). Defendant is attempting to ascertain the witnesses' availability for those dates and later dates during November, and will continue to cooperate with plaintiff in the scheduling of these depositions. *See* E-Mail Message dated October 10, 2006 from C. Bird to K. Manos, Attachment "A," at 1.

delays, and also because of the intense time demands of other cases pending before this Court, defendant has not been able to complete its review of these documents, either for purposes of its substantive case preparation or of determining the adequacy of Raytheon's responses to defendant's document requests, nor has defendant been able to propound the follow-up discovery (deposition and additional written discovery) that it needs. Although, if the Court is disposed to grant the enlargement that defendant has requested, defendant will propound this discovery promptly, it will reasonably take until January 31, 2007 to complete it.

In short, defendant needs this additional time to have a reasonable opportunity to take the discovery that it needs to prepare its case for trial or dispositive motion. That Raytheon has a lesser need for discovery, and can accomplish the discovery that it needs in a shorter period of time should not be dispositive of the issue. Raytheon has shown no prejudice that would result if the Court were to grant defendant's requested enlargement. Defendant would also represent to the Court that if it the Court grants the requested extension it will not, absent extraordinary circumstances not currently anticipated, ask for a further extension of this discovery deadline.

**Conclusion**

For the foregoing reasons, defendant respectfully requests that the Court enter an order denying plaintiff's motion and granting an enlargement of time for the completion of all fact discovery to and including January 31, 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen by s/Deborah A. Bynum
DAVID M. COHEN
Director

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965

Attorneys for Defendant United States of America

OF COUNSEL:

LAWRENCE S. RABYNE
Defense Contract Management Agency
1523 W. Central Road
Arlington Heights, IL 60005-2451

Dated: October 13, 2006

**CERTIFICATE OF FILING**

I hereby certify that on the 13th day of October, 2006, a copy of the foregoing Defendant's Motion for an Enlargement of Time to Complete Fact Discovery and Defendant's Response to Plaintiff's Motion for Enlargement of Time to Complete Limited Fact Discovery was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird