# ATTACHMENT "B"

**(Exhibits 1 and 2 attached to Plaintiff's Second Set of Requests for Production of Documents have been redacted because they contain material protected by the Protective Order in this action)**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RAYTHEON COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 05-448C<br>Judge Firestone |

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26, 33 and 34 of the Rules of the Court of Federal Claims, Plaintiff Raytheon Company ("Raytheon") requests that Defendant United States respond to the following Requests for Production of Documents within thirty (30) days.

**DEFINITIONS AND INSTRUCTIONS**

1. The term "Plaintiff's First Discovery Request" refers to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, dated February 16, 2006.

2. The term "Defendant's First Discovery Response" refers to Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, dated May 1, 2006.

3. The term "Bates Stamp Pages" refers to the document identification numbers on the documents produced in Defendant's First Discovery Response.

4. The term "DoDIG" refers to the Office of the Inspector General, Department of Defense.

5. The term "AIS" refers to Raytheon Aircraft Integrated Systems segment, the assets of which were sold to L-3 Communications, Inc. on March 8, 2002. The term "AIS Segment Closing" refers to the aforementioned sale of AIS.

6. The term "Greenville Operations" refers to the Greenville, Texas facilities of AIS that were formerly owned by E-Systems.

7. The term "Waco Operations" refers to the Richardson, Texas and Waco, Texas facilities of AIS that were formerly owned by E-Systems, and prior to E-Systems's ownership, were owned by Chrysler Technologies Airborne Systems.

8. The term "Aerospace" refers to Raytheon Aircraft's Aerospace Division segment, the assets of which were sold to Veritas Capital on June 8, 2001. The term "Aerospace Segment Closing" refers to the aforementioned sale of Aerospace.

9. The term "Optical" refers to Raytheon's Optical Systems segment, the assets of which were sold to B.F. Goodrich on March 1, 2001. The term "Optical Segment Closing" refers to the aforementioned sale of Optical.

10. The term "PWF" refers to Raytheon's Printed Wire Fabrication segment, the assets of which were sold to Tyco Printed Circuit Group LP on April 21, 2000. The term "PWF Segment Closing" refers to the aforementioned sale of PWF.

11. The term "Austin Operations" refers to the Austin, Texas facilities of PWF that were formerly owned by Texas Instruments.

12. The term "Government's Share of the Adjustment Amount" is defined in 48 C.F.R. § 9904.413-50(c)(12)(vi).

13. The term "Defendant" refers to the United States Government and all of its departments, agencies and organizations, including, but not limited to, the current and former Cost Accounting Standards Board ("CAS Board"), the Department of Defense, the Defense Contract Management Agency ("DCMA"), the Defense Contract Audit Agency ("DCAA"), and their subordinate commands, organizations and offices, and their current and former officers, employees, representatives, agents, attorneys, and consultants, and any other persons acting on behalf of or at the direction of the United States.

14. The term "DCMA" refers to the Defense Contract Management Agency and its subordinate commands, organizations and offices, and its current and former officers,

employees, representatives, agents, attorneys, and consultants, and any other person or persons acting on behalf of or at the direction of DCMA.

15. The term "DCAA" refers to the Defense Contract Audit Agency and its subordinate commands, organizations and offices, and its current and former officers, employees, representatives, agents, attorneys, and consultants, and any other person or persons acting on behalf of or at the direction of DCAA.

16. The terms "you" or "your" refer to the Defendant, the United States, and include current and former officers, employees, representatives, agents, attorney, and consultants, and any other person or persons acting on behalf of or at the direction of the United States.

17. The term "Plaintiff" refers to Raytheon Company and its operating companies, segments and business units, and their past and present officers, directors, employees, representatives, agents, attorneys, consultants, nominees, affiliates, predecessors or successors in interest, and other persons acting on their behalf or at their action.

18. The terms "relating to" and "relate(s) to" shall mean constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to the given subject matter.

19. The term "document" or "documents" shall include, without limitation, all written, typed, or otherwise preserved communication, including any letter, correspondence, note, book, pamphlet, article, bulletin, directive, review, publication, memorandum, diary, log, test, analysis, study, appraisal, projection, check, invoice, receipt, bill, purchase order, shipping order, contract, lease, agreement, work paper, calendar, envelope, paper, telephone message, tape, computer tape, computer disk, computer card, recording, videotape, film, microfilm, microfiche, drawing, account, ledger, statement, financial data, and all other writings or communication in your actual or constructive possession, custody or control or of which you have knowledge of the existence, and whether prepared, published, or released by you or by any other person or entity. The term "documents" is intended to include all drafts of documents and all documents in your actual or constructive possession, custody or control, and whether

prepared, published or released by you or by any other person or entity. Without limiting the foregoing, the term "document" shall include any copy that differs in any respect from the original or other versions of the document, such as, but not limited to, copies containing notations, insertions, corrections, marginal notes, emendations or any other variations.

20. All references to the singular include the plural; all references to the plural include the singular.

21. All references to "and" or "or" should be read as "and/or."

22. All references to "any" or "all" should be read as "any/all."

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Bates Stamp Pages RAY06-04751 through RAY06-04766 attached hereto as Exhibit 1) refer to several indices, tables of contents, and contents from the DoDIG project entitled, "Evaluation of Contractor Estimating and Accounting for Postretirement Benefits and Related DoD Oversight, Project No. 8OC-9011." Produce all documents referred to on the above-referenced Bates Stamp pages.

2. Produce the final version of the DoDIG report entitled, "Evaluation of Contractor Accounting and Estimating for Postretirement Benefit Costs and Related DoD Oversight," Project No. D1988OA-0034.

3. For the Greenville Operations for each year from 1979 through 1998, produce all incurred cost submissions, final indirect cost rate proposals, forward pricing rate proposals, and DCAA audit reports and related work papers related to each of the foregoing submissions and proposals.

4. For the Waco Operations for each year from 1979 through 1998, produce all incurred cost submissions, final indirect cost rate proposals, forward pricing rate proposals, and DCAA audit reports and related work papers related to each of the foregoing submissions and proposals.

5. Produce all documents, not otherwise produced in response to Requests 3 and 4 above, that are relevant for determining the Government's Share of the Adjustment Amount for the AIS Segment Closing.

6. For Aerospace for each year from 1979 through 2001, produce all incurred cost submissions, final indirect cost rate proposals, forward pricing rate proposals, and DCAA audit reports and related work papers related to each of the foregoing submissions and proposals.

7. Produce all documents, not otherwise produced in response to Request 6 above, that are relevant for determining the Government's Share of the Adjustment Amount for the Aerospace Segment Closing.

8. For Optical for each year from 1979 through 2001, produce all incurred cost submissions, final indirect cost rate proposals, forward pricing rate proposals, and DCAA audit reports and related work papers related to each of the foregoing submissions and proposals.

9. Produce all documents, not otherwise produced in response to Request 6 above, that are relevant for determining the Government's Share of the Adjustment Amount for the Optical Segment Closing.

10. For PWF for each year from 1979 through 2000, produce all incurred cost submissions, final indirect cost rate proposals, forward pricing rate proposals, and DCAA audit reports and related work papers related to each of the foregoing submissions and proposals.

11. For the Austin Operations for each year from 1979 through 2000, produce all incurred cost submissions, final indirect cost rate proposals, forward pricing rate proposals, and DCAA audit reports and related work papers related to each of the foregoing submissions and proposals.

12. Produce all documents, not otherwise produced in response to Requests 10 and 11 above, that are relevant for determining the Government's Share of the Adjustment Amount for the PWF Segment Closing.

13. Produce the DCAA "permanent file" for each of AIS, Aerospace, Optical and PWF.

14. Produce Bates Stamp Pages RAY06-02460 through RAY06-02467, RAY06-4666 through RAY06-04667, RAY06-04737, and RAY06-05005.

15. Bates Stamp Pages RAY06-02332, RAY06-03597, and RAY06-03767 (attached hereto as Exhibit 2) refer to certain documents. Produce all documents referred to on the above-referenced Bates Stamp pages.

Respectfully submitted,

Date: September 13, 2006

Karen L. Manos
Christyne K. Brennan
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8536
Facsimile: (202) 530-9533
kmanos@gibsondunn.com

Attorney of Record for Plaintiff
RAYTHEON COMPANY

**CERTIFICATE OF SERVICE**

I certify that caused to be served the foregoing Plaintiff's Second Set Of Requests For Production Of Documents this 13th day of September, 2006, by electronic mail and facsimile, upon Defendant's counsel listed below:

**Counsel for the United States**
C. Coleman Bird, Esq.
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street, NW
8th Floor
Washington, DC 20530

Christyne K. Brennan

# Exhibit 1

# Exhibit 2