**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **RAYTHEON COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 05-448C** |
| | ) | **Judge Firestone** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO COMPLETE FACT DISCOVERY**

Plaintiff Raytheon Company ("Raytheon") respectfully submits this opposition to Defendant's motion for an enlargement of time to complete fact discovery (docket # 33). Raytheon opposes the relief sought in Defendant's motion to the extent it provides Defendant the opportunity to unreasonably delay the above-captioned case and propound additional written discovery and depositions that it failed to serve within the current discovery schedule. Defendant argues that it would be unfair to grant Raytheon's "one-sided" motion while denying Defendant's motion. However, the motions are not at all the same. Raytheon's motion seeks an enlargement for the limited purpose of taking three depositions that Raytheon's counsel started trying to schedule several weeks before the close of discovery, but was stymied by Defendant's lack of cooperation. Defendant's motion seeks to take additional discovery that Defendant inexcusably failed to take during the discovery period set forth in the Court's March 29, 2006 Scheduling Order.

Defendant's motion for enlargement of time is the first instance that Raytheon has been advised by Defendant that it anticipates propounding additional written discovery and depositions in this case. At no time under the current discovery schedule did Defendant advise

Raytheon of this intention or request dates from Raytheon for potential depositions. Instead, Defendant now contends that because it was unable to fully review the documents that Plaintiff provided to Defendant almost three months ago within the current discovery schedule, it was also unable to timely propound additional discovery. While Raytheon would agree to a reasonable enlargement of the fact discovery schedule, Raytheon opposes any enlargement of the discovery schedule that would allow Defendant to propound additional written discovery and notice depositions, which it failed to do prior to the current fact discovery deadline.

Additionally, Raytheon opposes an unreasonable enlargement of 110 days of the discovery schedule. Defendant contends that this enlargement is necessary, in part, because this is "a major case of considerable complexity" and contains "complicated, fact-intensive issues." *See* Defendant's Motion for Enlargement of Time, pp. 2-4. As directed by the Court's Order dated October 28, 2005, Raytheon and Defendant submitted a *joint* status report to the Court on March 24, 2006, wherein the parties proposed the fact discovery deadline of October 13, 2006. No facts have changed since the time of the joint status report; Defendant was aware then that this matter was a case of "considerable complexity," yet it agreed to and proposed to the Court the October 13, 2006 fact discovery deadline. Now, at the "eleventh hour," Defendant contends that the October 13, 2006 fact discovery deadline is insufficient.

"We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996); *accord C.H. Robinson Co. v. Zurich Ins. Co.*, No. 02-4794 (PAM/RLE), 2004 U.S. Dist. LEXIS 15202,

at **4-5 (D. Minn. Aug. 5, 2004) ("Adherence to reasonable deadlines is critical to maintain integrity in court proceedings") (citation omitted).

This Court's March 29, 2006 Scheduling Order adopting the parties' joint discovery schedule was clear, unequivocal, and unambiguous: in order to complete fact discovery by October 13, 2006, Defendant should have propounded written interrogatories and notices of depositions before that date. Even the federal government is expected to comply with a court's scheduling orders. *See, e.g., Murphy Oil*, 143 F. Supp.2d 143 F. Supp. 2d 1054, 1065 (W.D. Wisc. 2001) (striking United States' untimely filings).

For these reasons and the reasons set forth in Raytheon's motion for enlargement of time to conduct limited discovery, Plaintiff Raytheon Company requests that the Court deny Defendant's motion for enlargement of time to complete fact discovery and grant Raytheon's motion for enlargement of time to complete limited fact discovery.

Respectfully submitted,

Date: October 18, 2006

s/Karen L. Manos

Karen L. Manos, Esq.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8536
Facsimile: (202) 530-9533
kmanos@gibsondunn.com

Attorney of Record for Plaintiff
RAYTHEON COMPANY

Of Counsel:

Christyne K. Brennan, Esq.
GIBSON, DUNN & CRUTCHER LLP

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of October, 2006, a copy of the foregoing Plaintiff's Opposition To Defendant's Motion For An Enlargement Of Time To Complete Fact Discovery was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Christyne K. Brennan_____
Christyne K. Brennan

100096491_1.DOC