**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **RAYTHEON COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 05-448C** |
| | ) | **Judge Firestone** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

# PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS IN RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 34 and 37 of the Rules of the Court of Federal Claims, Plaintiff Raytheon Company ("Plaintiff") respectfully submits this Motion to Compel Defendant to Produce Documents in Response to Plaintiff's Second Set of Requests for Production of Documents ("Second Discovery Request"). Plaintiff regrets having to involve the Court in this discovery dispute. However, the discovery deadline of December 15, 2006 is fast approaching, and, despite repeated attempts, Plaintiff has been unsuccessful in obtaining Defendant's assurance that the documents requested in Plaintiff's Second Discovery Request will be produced.

Rule 34(b) of the Rules of the Court of Federal Claims (RCFC) requires the party upon whom a request for inspection and copying of documents is served to serve a written response within 30 days after the service of the request, either (1) stating that the requested activities will be permitted as requested, or (2) stating the reasons for objection to any portion of the request and permitting the requested activities as to the remainder of the request. The rule further provides that "[t]he party submitting the request may move for an order under RCFC 37(a) with

respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested." RCFC 34(b).

Plaintiff served its Second Discovery Request on Defendant over eight weeks ago, on September 13, 2006. *See* Exhibit A. On October 16, 2006, Defendant provided written responses to Plaintiff's Second Discovery Request, objecting to each and every one of the requests. *See* Exhibit B. Although many of the documents requested in Plaintiff's Second Discovery Request were documents that should have been, but were not, produced by Defendant in response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, dated February 16, 2006, Defendant stated that it would not produce the documents because the Second Discovery Request purported to require a response beyond the October 13, 2006 discovery deadline. Defendant's response further stated that even if the Court were to extend the discovery deadline, Defendant would produce only documents that could be found by a "reasonable, non-burdensome search" – as apparently defined by Defendant. Defendant's response did not provide a date by which any of the documents would be produced.

In a good faith effort to resolve the discovery issue, Plaintiff responded by letter dated October 23, 2006, providing a detailed response to each of Defendant's objections, and requesting that Defendant produce all documents responsive to Plaintiff's Second Discovery Request by October 27, 2006. *See* Exhibit C. Defendant did not respond to Plaintiff's correspondence or produce the requested documents. On October 30, 2006, Plaintiff advised Defendant that if Defendant failed to produce all documents responsive to Plaintiff's Second Discovery Request by close of business, October 31, 2006, Plaintiff would move for an order compelling discovery. *See* Exhibit D.

Instead of producing the requested documents, Defendant responded by letter dated October 31, 2006, requesting a "meet and confer" to discuss "what documents the Government is prepared to search for and produce in response to Plaintiff's various requests, and the timing of such production." *See* Exhibit E. However, Defendant requested that Plaintiff first advise Defendant of the steps undertaken by Plaintiff to ascertain the burden of obtaining the documents from sources within Plaintiff's possession, custody or control. Some of the documents requested in the Second Discovery Request, including for example incurred cost submissions and final indirect cost rate proposals, were prepared by companies that were subsequently acquired by Plaintiff. These documents evidence the amount of pension costs charged to government contracts, and are necessary in order to compute the amount of the Government's share using the formula specified in CAS 413-50(c)(12). Plaintiff does not have these documents and has been unable to obtain them from the companies it acquired. The incurred cost submissions and final indirect cost rate proposals were audited by the Defense Contract Audit Agency ("DCAA") and should be maintained in the audit workpapers and "permanent" file that DCAA maintains for each of the contractors it audits.

On November 1, 2006, Plaintiff telephoned and emailed Defendant to discuss Defendant's objections to Plaintiff's Second Discovery Request and its letter dated October 31, so that the parties could meet and confer regarding Defendant's production of documents and the resolution of its discovery objections. *See* Exhibit F. Despite having requested a "meet and confer," Defendant did not return Plaintiff's telephone call or email message. Still having received no response by November 3, 2006, Plaintiff sent Defendant another letter. *See* Exhibit G. Plaintiff's letter responded to Defendant's request for additional information about the relative burdens of producing the documents, and advised Defendant that if Defendant did not

respond by close of business November 6, 2006 to either meet and confer, or to propose a reasonable date no later than November 8, 2006 to meet and confer, Plaintiff intended to move to compel production of Defendant's documents. Defendant responded by letter dated November 6, 2006, requesting that the meet and confer be held on November 9, 2006, when the parties would both be present for the deposition of John McKenna. *See* Exhibit H. Defendant's letter again insisted that Plaintiff explain the efforts undertaken by Plaintiff to locate the documents from sources within Plaintiff's possession, custody or control. By letter dated November 8, 2006, Plaintiff again advised Defendant of the bases for its responses to Defendant's objections to Document Request Nos. 3, 4, 6, 8, 10 and 11 of Plaintiff's Second Discovery Request. *See* Exhibit I.

On November 9, 2006, the parties conducted a "meet and confer" to discuss Document Request Nos. 3, 4, 6, 8, 10 and 11 ("disputed document requests"). While Defendant stated that it had located a "couple of documents" in response to the disputed document requests, Defendant refused to provide a date certain on which it would produce these documents or the remaining documents in response to Plaintiff's Second Discovery Request. Instead, Defendant maintained that the disputed document requests were overbroad. Plaintiff explained that the requested documents are relevant to the calculation of the Government's share of the adjustment amount and that Plaintiff does not possess the requested documents or have any way to obtain them other than from Defendant. Plaintiff also stated that it would be willing to forgo all of the requests if Defendant would be willing to stipulate that Plaintiff's computation of the Government's share of the adjustment amount was correct. Defendant declined this offer. Contrary to Defendant's representation in its October 31, 2006 letter wherein it stated that it would participate in a meet and confer to "discuss what documents the Government is prepared to search for and produce in

response to Raytheon's various requests, and the timing of such production," Defendant refused to agree to or provide a date certain for the production of these documents or discuss what documents Defendant was willing to search for and produce. As a result of this unsuccessful meet and confer and Defendant's continued failure to timely respond and produce documents, Plaintiff is forced to seek the Court's intervention to compel production of the requested documents.

As noted above, Plaintiff's Second Discovery Request seeks documents that are necessary to compute the Government's share of the adjustment amount. Plaintiff does not have these documents or any way to obtain them other than from Defendant. Indeed, long before this dispute arose, Plaintiff informed the contracting officer that it did not have the documents necessary to compute the Government's share and would require DCAA's assistance in obtaining the documents. It appears from the documents that Defendant produced that, long before this dispute arose, DCAA initially began compiling the requested documents, but then ceased its efforts when the Government made a policy decision to not pay any pension deficit claims. Defendant has failed to state whether it has maintained these documents. Moreover, Defendant refuses to provide a proposed date certain for production of its documents or describe the extent, if any, that it has searched for the documents in response to Plaintiff's Second Discovery Request. Instead, Defendant continues to question the basis for Plaintiff's responses to Defendant's objections and insist that Plaintiff should be able to obtain the documents from sources within Plaintiff's possession, custody or control. Defendant's objection is particularly frivolous with respect to Plaintiff's requests for DCAA audit reports and workpapers, which are within the exclusive custody, possession and control of DCAA. Defendant's failure to produce

documents in response to Plaintiff's Second Discovery Request is prejudicing Plaintiff's ability to prove its claims, as well as determine Defendant's defenses, if any, to Plaintiff's claims.

For the reasons set forth herein, Raytheon Company hereby moves the Court for an order compelling Defendant to produce all of the documents requested by Plaintiff's Second Set of Requests for Production of Documents, and such further relief as the Court deems appropriate.

CERTIFICATION

Plaintiff has in good faith conferred or attempted to confer with Defendant in an effort to secure Defendant's responsive documents to Plaintiff's Second Discovery Request without Court action.

Respectfully submitted,

Date: November 10, 2006

s/Karen L. Manos
Karen L. Manos
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8536
Facsimile: (202) 530-9533
kmanos@gibsondunn.com

Attorney of Record for Plaintiff
PLAINTIFF COMPANY

Of Counsel:
Christyne K. Brennan
GIBSON, DUNN & CRUTCHER LLP

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2006, a copy of the foregoing Plaintiff's Motion to Compel Defendant to Produce Documents in Response to Plaintiff's Second Set of Requests for Production of Documents was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Christyne K. Brennan
Christyne K. Brennan

100110916_2.DOC