IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RAYTHEON COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-488C |
| v. | ) | |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RESPONSES TO**
**PLAINTIFF'S SECOND SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims ("RCFC") defendant, the United States, hereby responds as follows to Plaintiff's Second Set of Requests for Production of Documents ("Plaintiff's Discovery Requests"), dated September 13, 2006.

**DEFENDANT'S GENERAL OBJECTIONS**

1. Defendant objects to Plaintiff's Discovery Requests in their entirety because they were never properly served as required by RCFC 5. Because they were never properly served, defendant has no obligation to respond in any way to these requests. In the alternative, if plaintiff's defective service of these requests were to be determined to constitute valid and proper service, defendant objects to these requests in their entirety because they purport to require a response beyond the October 13, 2006 discovery deadline previously established by the Court in its Order dated March 29, 2006. Defendant is providing these responses without waiver of, or prejudice to, these objections. Defendant further states that it will not produce documents

EXHIBIT B

responsive to plaintiff's untimely requests unless and until the Court extends the discovery period to permit such production.

2. Defendant objects to Plaintiff's Discovery Requests to the extent that they purport:

a. to impose a duty to provide continuing responses that is broader or more extensive than the duty to supplement set forth in RCFC 26(e);

b. to impose a duty to search for or produce documents in response that is broader or more extensive than the duty set forth in RCFC 34, or purport to require defendant to produce documents that are not within its possession, custody, or control;

c. to require defendant to produce documents that are privileged or protected from disclosure by the attorney-client privilege, other applicable privileges, or by work product protection or other applicable protections;

d. to require defendant to produce the originals of responsive documents;

e. to require the production of documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive, under RCFC 26(b)(2); or

f. to require the production of documents where the burden of the search for, and production of, the documents outweighs the likely benefit of such discovery under RCFC 26(b)(2).

Defendant will produce documents in the form of scanned images, except that upon plaintiff's demonstration of a particularized need for plaintiff to inspect the original of a particular document, defendant will consider producing such original document.

3. Defendant objects to Plaintiff's Discovery Requests to the extent that they seek documents or information that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Accordingly, by responding to any document requests or interrogatories, defendant does not agree to provide any documents or information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant states that its investigation of the facts is continuing, that the following responses represent the best information available to defendant at the time these responses were required to be served, and that defendant reserves the right to supplement these responses as appropriate.

5. Defendant incorporates by reference all of the above General Objections into its response to each discovery request.

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DEFINITIONS**

1. Defendant objects to the definitions of "Defendant," "DCMA," "DCE," "DCAA," "you," and "your" in Plaintiff's Discovery Requests as overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), and unintelligible to the extent that each purports to include within its ambit the entity's current and former officers, employees, representatives, agents, consultants, and other persons acting on the entity's behalf or at its direction.

2. Defendant objects to the definition of "PWF" in ¶ 10 of Plaintiff's Definitions and Instructions as a "segment," because the PWF business unit was not a segment for purposes of CAS 413.50(c)(12).

**DEFENDANT'S RESPONSES TO**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Bates Stamp Pages RAY06-4751 through Ray06-4766 [(]attached hereto as Exhibit 1) refer to several indices, tables of contents, and contents from the DoDIG project entitled, "Evaluation of Contractor Estimating and Accounting for Postretirement Benefits and Related DoD Oversight, Project No. 8OC-9011." Produce all documents referred to on the above-referenced Bates Stamp pages.

**DEFENDANT'S RESPONSE:**

Defendant objects to this request as overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), and demanding the production of documents that are neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. Without waiver of, or prejudice to, these objections, defendant responds as follows:

If the Court extends the fact discovery period to permit such production, all responsive, non-privileged documents within defendant's possession, custody, or control that have not previously been produced in this action and that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 2:**

Produce the final version of the DoDIG Report entitled, "Evaluation of Contractor Accounting and Estimating for Postretirement Benefit Costs and Related DoD Oversight,"

Project No. D1988OA-0034.

**DEFENDANT'S RESPONSE:**

Defendant objects to this request as overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), and demanding the production of documents that are neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. Without waiver of, or prejudice to, these objections, defendant responds as follows:

If the Court extends the fact discovery period to permit such production, all responsive, non-privileged documents within defendant's possession, custody, or control that have not previously been produced in this action and that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 3:**

For the Greenville Operations for each year from 1979 through 1998, produce all incurred cost submissions, final indirect cost rate proposals, forward pricing rate proposals, and DCAA audit reports and related work papers related to each of the foregoing submissions and proposals.

**DEFENDANT'S RESPONSE:**

Defendant objects to this request as (i) overbroad, (ii) unduly and disproportionately burdensome in violation of RCFC 26(b)(2), (iii) except for the request for "DCAA audit reports and related work papers," purporting to require the defendant to search for documents that are obtainable from sources within plaintiff's possession, custody, or control that are more convenient, less burdensome, and less expensive, in violation of RCFC 26(b)(2), and (iv) in large

part, neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. Without waiver of, or prejudice to, these objections, defendant responds as follows:

If the Court extends the fact discovery period to permit such production, responsive, non-privileged documents within defendant's possession, custody, or control (i) that have not previously been produced in this action, (ii) that contain summaries of information relating to the amount of pension cost allocated to this segment and the amount of such pension cost that was allocated to Government flexibly-priced and firm-fixed-price contracts, and (iii) that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 4**:

For the Waco Operations for each year from 1979 through 1998, produce all incurred cost submissions, final indirect cost rate proposals, forward pricing rate proposals, and DCAA audit reports and related work papers related to each of the foregoing submissions and proposals.

**DEFENDANT'S RESPONSE:**

Defendant objects to this request as (i) overbroad, (ii) unduly and disproportionately burdensome in violation of RCFC 26(b)(2), (iii) except for the request for "DCAA audit reports and related work papers," purporting to require the defendant to search for documents that are obtainable from sources within plaintiff's possession, custody, or control that are more convenient, less burdensome, and less expensive, in violation of RCFC 26(b)(2), and (iv) in large part, neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. Without waiver of, or prejudice to, these objections, defendant

responds as follows:

If the Court extends the fact discovery period to permit such production, responsive, non-privileged documents within defendant's possession, custody, or control (i) that have not previously been produced in this action, (ii) that contain summaries of information relating to the amount of pension cost allocated to this segment and the amount of such pension cost that was allocated to Government flexibly-priced and firm-fixed-price contracts, and (iii) that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents, not otherwise produced in response to Requests 3 and 4 above that are relevant for determining the Government's Share of the Adjustment Amount for the AIS Segment Closing.

**DEFENDANT'S RESPONSE:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b(2), because of the use of the undefined term "relevant." Without waiver of, or prejudice to, these objections, defendant responds as follows:

If the Court extends the fact discovery period to permit such production, all responsive, non-privileged documents within defendant's possession, custody, or control that have not previously been produced in this action and that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 6:**

For Aerospace for each year from 1979 through 2001, produce all incurred cost submissions, final indirect cost rate proposals, forward pricing rate proposals, and DCAA audit reports and related work papers related to each of the foregoing submissions and proposals.

**DEFENDANT'S RESPONSE:**

Defendant objects to this request as (i) overbroad, (ii) unduly and disproportionately burdensome in violation of RCFC 26(b)(2), (iii) except for the request for "DCAA audit reports and related work papers," purporting to require the defendant to search for documents that are obtainable from sources within plaintiff's possession, custody, or control that are more convenient, less burdensome, and less expensive, in violation of RCFC 26(b)(2), and (iv) in large part, neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. Without waiver of, or prejudice to, these objections, defendant responds as follows:

If the Court extends the fact discovery period to permit such production, responsive, non-privileged documents within defendant's possession, custody, or control (i) that have not previously been produced in this action, (ii) that contain summaries of information relating to the amount of pension cost allocated to this segment and the amount of such pension cost that was allocated to Government flexibly-priced and firm-fixed-price contracts, and (iii) that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents, not otherwise produced in response to Request 6 above that are