relevant for determining the Government's Share of the Adjustment Amount for the Aerospace Segment Closing.

**DEFENDANT'S RESPONSE:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b(2), because of the use of the undefined term "relevant." Without waiver of, or prejudice to, these objections, defendant responds as follows:

If the Court extends the fact discovery period to permit such production, all responsive, non-privileged documents within defendant's possession, custody, or control that have not previously been produced in this action and that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 8:**

For Optical for each year from 1979 through 2001, produce all incurred cost submissions, final indirect cost rate proposals, forward pricing rate proposals, and DCAA audit reports and related work papers related to each of the foregoing submissions and proposals.

**DEFENDANT'S RESPONSE:**

Defendant objects to this request as (i) overbroad, (ii) unduly and disproportionately burdensome in violation of RCFC 26(b)(2), (iii) except for the request for "DCAA audit reports and related work papers," purporting to require the defendant to search for documents that are obtainable from sources within plaintiff's possession, custody, or control that are more convenient, less burdensome, and less expensive, in violation of RCFC 26(b)(2), and (iv) in large

part, neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. Without waiver of, or prejudice to, these objections, defendant responds as follows:

If the Court extends the fact discovery period to permit such production, responsive, non-privileged documents within defendant's possession, custody, or control (i) that have not previously been produced in this action, (ii) that contain summaries of information relating to the amount of pension cost allocated to this segment and the amount of such pension cost that was allocated to Government flexibly-priced and firm-fixed-price contracts, and (iii) that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents, not otherwise produced in response to Request 8 above that are relevant for determining the Government's Share of the Adjustment Amount for the Optical Segment Closing.

**DEFENDANT'S RESPONSE:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b(2), because of the use of the undefined term "relevant." Without waiver of, or prejudice to, these objections, defendant responds as follows:

If the Court extends the fact discovery period to permit such production, all responsive, non-privileged documents within defendant's possession, custody, or control that have not previously been produced in this action and that can be located by a reasonable, non-burdensome

search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 10:**

For PWF for each year from 1979 through 2000, produce all incurred cost submissions, final indirect cost rate proposals, forward pricing rate proposals, and DCAA audit reports and related work papers related to each of the foregoing submissions and proposals.

**DEFENDANT'S RESPONSE:**

Defendant objects to this request as (i) overbroad, (ii) unduly and disproportionately burdensome in violation of RCFC 26(b)(2), (iii) except for the request for "DCAA audit reports and related work papers," purporting to require the defendant to search for documents that are obtainable from sources within plaintiff's possession, custody, or control that are more convenient, less burdensome, and less expensive, in violation of RCFC 26(b)(2), and (iv) in large part, neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. Without waiver of, or prejudice to, these objections, defendant responds as follows:

If the Court extends the fact discovery period to permit such production, responsive, non-privileged documents within defendant's possession, custody, or control (i) that have not previously been produced in this action, (ii) that contain summaries of information relating to the amount of pension cost allocated to this segment and the amount of such pension cost that was allocated to Government flexibly-priced and firm-fixed-price contracts, and (iii) that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 11:**

For the Austin Operations for each year from 1979 through 2000, produce all incurred cost submissions, final indirect cost rate proposals, forward pricing rate proposals, and DCAA audit reports and related work papers related to each of the foregoing submissions and proposals.

**DEFENDANT'S RESPONSE:**

Defendant objects to this request as (i) overbroad, (ii) unduly and disproportionately burdensome in violation of RCFC 26(b)(2), (iii) except for the request for "DCAA audit reports and related work papers," purporting to require the defendant to search for documents that are obtainable from sources within plaintiff's possession, custody, or control that are more convenient, less burdensome, and less expensive, in violation of RCFC 26(b)(2), and (iv) in large part, neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. Without waiver of, or prejudice to, these objections, defendant responds as follows:

If the Court extends the fact discovery period to permit such production, responsive, non-privileged documents within defendant's possession, custody, or control (i) that have not previously been produced in this action, (ii) that contain summaries of information relating to the amount of pension cost allocated to this segment and the amount of such pension cost that was allocated to Government flexibly-priced and firm-fixed-price contracts, and (iii) that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents, not otherwise produced in response to Requests 10 and 11 above,

that are relevant for determining the Government's Share of the Adjustment Amount for the PWF Segment Closing.

**DEFENDANT'S RESPONSE:**

Defendant objects to this request as vague, ambiguous, overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b(2), because of the use of the undefined term "relevant." Without waiver of, or prejudice to, these objections, defendant responds as follows:

If the Court extends the fact discovery period to permit such production, all responsive, non-privileged documents within defendant's possession, custody, or control that have not previously been produced in this action and that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 13:**

Produce the DCAA "permanent file" for each of AIS, Aerospace, Optical and PWF.

**DEFENDANT'S RESPONSE:**

Defendant objects to this request as overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), and demanding the production of documents that are neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 14:**

Produce Bates Stamp Pages RAY06-02460 through RAY06-02467, RAY06-4666 through RAY06-04667, RAY06-04737, and RAY06-05005.

**DEFENDANT'S RESPONSE:**

Defendant objects to this request as overbroad and demanding the production of documents that are privileged and are neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. Without waiver of, or prejudice to, these objections, defendant responds as follows:

If the Court extends the fact discovery period to permit such production, all responsive, non-privileged documents within defendant's possession, custody, or control that have not previously been produced in this action and that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

**REQUEST FOR PRODUCTION NO. 15:**

Bates Stamp Pages RAY06-02332, RAY03-03597, and RAY06-03767 (attached hereto as Exhibit 2) refer to certain documents. Produce all documents referred to on the above-referenced Bates Stamp pages.

**DEFENDANT'S RESPONSE:**

Defendant objects to this request as overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), and demanding the production of documents that are neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. Without waiver of, or prejudice to, these objections, defendant responds as follows:

If the Court extends the fact discovery period to permit such production, all responsive, non-privileged documents within defendant's possession, custody, or control that have not

previously been produced in this action and that can be located by a reasonable, non-burdensome search consistent with the requirements of RCFC 34 will be produced for inspection and copying at a mutually-agreeable time and place.

* * * *

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965

Attorneys for Defendant
United States of America

OF COUNSEL:

LAWRENCE S. RABYNE
Trial Attorney
Defense Contract Management Agency
1523 W. Central Road
Arlington Heights, IL 60005

Dated: October 16, 2006

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on the 16th day of October, 2006, I caused a copy of the foregoing "Defendant's Responses to Plaintiff's Second Set of Requests for Production of Documents" to be (i) sent in .PDF format by electronic mail to the electronic mail address listed below, and (ii) placed in the United States mail (first-class postage prepaid) addressed as follows:

Karen L. Manos, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
E-Mail: kmanos@gibsondunn.com

_______________________________