GIBSON, DUNN & CRUTCHER LLP
LAWYERS
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1050 Connecticut Avenue, N.W. Washington, D.C. 20036-5306
(202) 955-8500
www.gibsondunn.com
KManos@gibsondunn.com

October 23, 2006

Direct Dial
(202) 955-8536

Client No.
[C 74209-00023]

Fax No.
(202) 530-9533

VIA ELECTRONIC CORRESPONDENCE
AND FIRST CLASS MAIL

C. Coleman Bird, Esq.
Senior Trial Counsel
United States Department of Justice
Commercial Litigation Branch / Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

Re: *Raytheon Company v. United States, Court of Federal Claims, Case No. 05-448C*

Subj: Defendant's Objections to Plaintiff's Second Set of Requests for Production of Documents

Dear Mr. Bird:

This letter is in response to Defendant's responses and objections to Raytheon Company's Second Set of Requests for Production of Documents ("Raytheon's second discovery requests") dated October 16, 2006, and is a good faith attempt to resolve this discovery issue before moving to compel production pursuant to RCFC 34(b) and 37(a).

First, while we do not agree that Defendant's production of documents in response to Raytheon's second discovery requests should be contingent upon the Court's extension of the fact discovery deadline, the Court has in fact extended the fact discovery deadline by its Order dated October 20, 2006. Therefore, we expect Defendant to fully produce all documents responsive to Raytheon's second discovery requests by Friday, October 27, 2006.

Second, to the extent that Defendant withheld documents in response to Raytheon's first request for production of documents on the bases of privilege, and intends to withhold



EXHIBIT
C

documents in response to Raytheon's second discovery requests on the same basis, we expect Defendant to produce a privilege log on Friday, October 27, 2006. For each document or part of document as to which you claim privilege, the log should state: (a) the bates number; (b) the date of the document; (c) the type, title, and subject matter of the document; (d) the name of the person or persons who prepared or signed the document; (e) the name and positions of any intended and actual recipients of the document; (f) each person now in possession of the original or a copy of the document; (g) the nature of the privilege being claimed and facts relevant to the claim; and (h) the number of the request to which the document is responsive.

Third, as set forth below, Defendant's specific objections to Raytheon's second discovery requests are both unreasonable and unfounded. Raytheon expects Defendant to provide acceptable responses to Raytheon's second discovery responses by addressing the issues set forth below and producing all documents responsive to Raytheon's second discovery requests by Friday, October 27, 2006.

Request for Production No. 1: Defendant objects to this request as overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), and demanding the production of documents that are neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. The documents sought in this Request should have been but were not produced in response to Raytheon's *first* discovery request. Rather than producing a complete copy of the Department of Defense Office of Inspector General report entitled, "Evaluation of Contractor Estimating and Accounting for Postretirement Benefits and Related DoD Oversight, Project No. 8OC-9011," Defendant inexcusably produced an incomplete copy, including indices and tables of contents without the documents listed in those indices and tables. It was only Defendant's incomplete production that necessitated our asking for the documents a second time. This Request is far from overbroad, but rather is a tailored and straightforward request for relevant documents in this matter.

Request for Production No. 2: Defendant objects to this request as overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), and demanding the production of documents that are neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. The document sought in this Request should have been but was not produced in response to Raytheon's *first* discovery request. This Request seeks a final version of the report referred to above. In response to Raytheon's first discovery request, Defendant produced a draft copy of the report, but inexcusably failed to produce the final version. This Request is far from overbroad, but rather is a tailored and straightforward request for relevant documents in this matter.

Request for Production No. 3: Defendant objects to this request as overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), except for the request for "DCAA audit reports and related work papers," purporting to require Defendant to search for documents that are obtainable from sources within plaintiff's possession, custody, or control that are more

convenient, less burdensome, and less expensive, in violation of RCFC 26(b)(2), and in large part, neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. Furthermore, Defendant responds that it will only produce *summaries* of information relating to the amount of pension cost allocated to this segment and the amount of such pension costs that was allocated to Government flexibly-priced and firm-fixed-price contracts, and then only if the information can be located through what Defendant determines to be a "reasonable, non-burdensome search." This Request relates to documents that should be in Defendant's possession, and are not easily obtainable from sources within Raytheon's possession, custody, or control. Indeed, the requested documents relate to cost submissions, proposals, and work papers that the Defense Contract Audit Agency is required to maintain as part of its "permanent" files. If Defendant failed to maintain these documents, then please so state.

Request for Production No. 4: Defendant objects to this request as overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), except for the request for "DCAA audit reports and related work papers," purporting to require Defendant to search for documents that are obtainable from sources within plaintiff's possession, custody, or control that are more convenient, less burdensome, and less expensive, in violation of RCFC 26(b)(2), and in large part, neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. Furthermore, Defendant responds that it will only produce *summaries* of information relating to the amount of pension cost allocated to this segment and the amount of such pension costs that was allocated to Government flexibly-priced and firm-fixed-price contracts, and then only if the information can be located through what Defendant determines to be a "reasonable, non-burdensome search." This Request relates to documents that should be in Defendant's possession, and are not easily obtainable from sources within Raytheon's possession, custody, or control. Indeed, the requested documents relate to cost submissions, proposals, and work papers that the Defense Contract Audit Agency is required to maintain as part of its "permanent" files. If Defendant failed to maintain these documents, then please so state.

Request for Production No. 5: Defendant objects to this request as vague, ambiguous, overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), because of the use of the undefined term "relevant." The term "relevant" has a well-accepted meaning and need not be specifically defined in order for Defendant to respond to this Request. Indeed, if Defendant did not know the meaning of "relevant" it could hardly object to other requests as being "irrelevant." This tailored Request simply asks for the documents (not otherwise already produced) that are relevant to determining the Government's share of the segment closing adjustment for the AIS segment closing using the formula specified in Cost Accounting Standard 413-50(c)(12)(vi).

Request for Production No. 6: Defendant objects to this request as overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), except for the request for "DCAA

audit reports and related work papers," purporting to require Defendant to search for documents that are obtainable from sources within plaintiff's possession, custody, or control that are more convenient, less burdensome, and less expensive, in violation of RCFC 26(b)(2), and in large part, neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. Furthermore, Defendant responds that it will only produce *summaries* of information relating to the amount of pension cost allocated to this segment and the amount of such pension costs that was allocated to Government flexibly-priced and firm-fixed-price contracts, and then only if the information can be located through what Defendant determines to be a "reasonable, non-burdensome search." This Request relates to documents that should be in Defendant's possession, and are not easily obtainable from sources within Raytheon's possession, custody, or control. Indeed, the requested documents relate to cost submissions, proposals, and work papers that the Defense Contract Audit Agency is required to maintain as part of its "permanent" files. If Defendant failed to maintain these documents, then please so state.

Request for Production No. 7: Defendant objects to this request as vague, ambiguous, overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), because of the use of the undefined term "relevant." The term "relevant" has a well-accepted meaning and need not be specifically defined in order for Defendant to respond to this Request. Indeed, if Defendant did not know the meaning of "relevant" it could hardly object to other requests as being "irrelevant." This tailored Request simply asks for the documents (not otherwise already produced) that are relevant to determining the Government's share of the segment closing adjustment for the Aerospace segment closing using the formula specified in Cost Accounting Standard 413-50(c)(12)(vi).

Request for Production No. 8: Defendant objects to this request as overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), except for the request for "DCAA audit reports and related work papers," purporting to require Defendant to search for documents that are obtainable from sources within plaintiff's possession, custody, or control that are more convenient, less burdensome, and less expensive, in violation of RCFC 26(b)(2), and in large part, neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. Furthermore, Defendant responds that it will only produce *summaries* of information relating to the amount of pension cost allocated to this segment and the amount of such pension costs that was allocated to Government flexibly-priced and firm-fixed-price contracts, and then only if the information can be located through what Defendant determines to be a "reasonable, non-burdensome search." This Request relates to documents that should be in Defendant's possession, and are not easily obtainable from sources within Raytheon's possession, custody, or control. Indeed, the requested documents relate to cost submissions, proposals, and work papers that the Defense Contract Audit Agency is required to maintain as part of its "permanent" files. If Defendant failed to maintain these documents, then please so state.

Request for Production No. 9: Defendant objects to this request as vague, ambiguous, overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), because of the use of the undefined term "relevant." The term "relevant" has a well-accepted meaning and need not be specifically defined in order for Defendant to respond to this Request. Indeed, if Defendant did not know the meaning of "relevant" it could hardly object to other requests as being "irrelevant." This tailored Request simply asks for the documents (not otherwise already produced) that are relevant to determining the Government's share of the segment closing adjustment for the Optical segment closing using the formula specified in Cost Accounting Standard 413-50(c)(12)(vi).

Request for Production No. 10: Defendant objects to this request as overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), except for the request for "DCAA audit reports and related work papers," purporting to require Defendant to search for documents that are obtainable from sources within plaintiff's possession, custody, or control that are more convenient, less burdensome, and less expensive, in violation of RCFC 26(b)(2), and in large part, neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. Furthermore, Defendant responds that it will only produce *summaries* of information relating to the amount of pension cost allocated to this segment and the amount of such pension costs that was allocated to Government flexibly-priced and firm-fixed-price contracts, and then only if the information can be located through what Defendant determines to be a "reasonable, non-burdensome search." This Request relates to documents that should be in Defendant's possession, and are not easily obtainable from sources within Raytheon's possession, custody, or control. Indeed, the requested documents relate to cost submissions, proposals, and work papers that the Defense Contract Audit Agency is required to maintain as part of its "permanent" files. If Defendant failed to maintain these documents, then please so state.

Request for Production No. 11: Defendant objects to this request as overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), except for the request for "DCAA audit reports and related work papers," purporting to require Defendant to search for documents that are obtainable from sources within plaintiff's possession, custody, or control that are more convenient, less burdensome, and less expensive, in violation of RCFC 26(b)(2), and in large part, neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. Furthermore, Defendant responds that it will only produce *summaries* of information relating to the amount of pension cost allocated to this segment and the amount of such pension costs that was allocated to Government flexibly-priced and firm-fixed-price contracts, and then only if the information can be located through what Defendant determines to be a "reasonable, non-burdensome search." This Request relates to documents that should be in Defendant's possession, and are not easily obtainable from sources within Raytheon's possession, custody, or control. Indeed, the requested documents relate to cost submissions, proposals, and work papers that the Defense Contract Audit Agency is required to

maintain as part of its "permanent" files. If Defendant failed to maintain these documents, then please so state.

Request for Production No. 12: Defendant objects to this request as vague, ambiguous, overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), because of the use of the undefined term "relevant." The term "relevant" has a well-accepted meaning and need not be specifically defined in order for Defendant to respond to this Request. Indeed, if Defendant did not know the meaning of "relevant" it could hardly object to other requests as being "irrelevant." This tailored Request simply asks for the documents (not otherwise already produced) that are relevant to determining the Government's share of the segment closing adjustment for the PWF segment closing using the formula specified in Cost Accounting Standard 413-50(c)(12)(vi).

Request for Production No. 13: Defendant objects to this request as overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), and demanding the production of documents that are neither relevant to the claim or defense of any party nor reasonably likely to the discovery of admissible evidence. This Request is very relevant to the claims and is far from overbroad. The Request simply asks for the permanent audit file that should be maintained by DCAA for each of AIS, Aerospace, Optical, and PWF. If Defendant failed to maintain these documents, then so state.

Request for Production No. 14: Defendant objects to this request as overbroad and demanding the production of documents that are privileged and are neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. This Request simply requests certain documents that were missing from the bates-numbered range of documents produced by Defendant in response to Raytheon's first request for documents. If Defendant is now claiming that these documents are privileged, then list these documents on Defendant's privilege log or otherwise, produce these documents.

Request for Production No. 15: Defendant objects to this request as overbroad, unduly and disproportionately burdensome in violation of RCFC 26(b)(2), and demanding the production of documents that are neither relevant to the claim or defense of any party nor reasonably likely to lead to the discovery of admissible evidence. The documents sought in this Request should have been but were not produced in response to Raytheon's *first* discovery request. All of the documents sought in this Request are referenced in documents that Defendant produced in response to Raytheon's first request for production of documents. This Request is far from overbroad, but rather is a tailored and straightforward request for relevant documents in this matter.

GIBSON, DUNN & CRUTCHER LLP



If Defendant fails to produce all documents responsive to Raytheon's second discovery requests by this Friday, October 27, 2006, we will move for an order compelling discovery pursuant to RCFC 37(a). I am hopeful that we can resolve this issue without troubling the Court.

Sincerely,

Karen L. Manos

cc: Christyne K. Brennan

100099668