**U.S. Department of Justice**

Civil Division

CCBird
DJ No. 154-05-448

Telephone: 202.307.0453
Facsimile: 202.514.7965

*Washington, D.C. 20530*

October 31, 2006

BY ELECTRONIC MAIL AND
FIRST-CLASS MAIL

Karen L. Manos, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

Re: Raytheon Co. v. United States,
Court of Federal Claims No. 05-448C

Dear Ms. Manos:

This is in response to your letter dated October 23, 2006, which you describe as "a good faith attempt to resolve this discovery issue" before moving to compel (Letter, at 1). You then demand that the Government produce "*all* documents responsive to Raytheon's discovery requests" (emphasis in original) by October 27, 2006, four days later, and state that, if the Government does not do so, Raytheon will file a motion to compel under RCFC 37(a). *Id.* at 7.

There is no proper basis for a motion to compel here. Defendant's discovery responses were entirely proper and reasonable. Equally important, before Raytheon burdens the Court with an unnecessary and groundless motion, we should at least make an effort to discuss these issues, as the Rules of Court require. That obligation upon Raytheon is not satisfied by the blanket demand that the Government produce four days later everything that Raytheon requested. That is not the good faith effort to confer that the Rules contemplate and require.

At such a "meet and confer" as required by the Court's rules, we can discuss what documents the Government is prepared to search for and produce in response to Raytheon's various requests, and the timing of such production. In anticipation of that discussion, please advise the basis for your statements that the documents requested in Requests Nos. 3, 4, 6, 8, 10, 11 (which seek various types of cost submissions and proposals that Raytheon submitted to various Government offices over a 20-year period or longer (from 1979 to 1998 and later dates) "should be in Defendant's possession and are not easily obtainable from sources within Raytheon's possession, custody, and control." Letter at 3, 4, 5 (emphasis in

EXHIBIT
E

original). These are documents that Raytheon and its predecessors in interest prepared, and should be more readily available in their files than in the files of various Government offices that have been subject to periodic reorganization and relocation as offices open and close. Please advise what efforts you have made to ascertain the extent of burden involved in obtaining these documents from sources within Raytheon's possession, custody, or control. We note that, as applicable here, Rule 26(b)(2) does not require that these documents be "easily obtainable" by Raytheon, only that they be obtainable from sources within Raytheon's possession, custody, or control that are more convenient, less burdensome, or less expensive than obtaining them from the Government. Also, please advise the basis for your statements (Letter at 3, 4, 5) that DCAA is "required to maintain" these documents "as part of its 'permanent' files."

We look forward to hearing from you at your convenience.

Sincerely,

C. Coleman Bird
Senior Trial Counsel
Commercial Litigation Branch

cc: Christyne K. Brennan, Esq.
(by electronic mail)

Larry Rabyne, Esq.
(by electronic mail)