GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1050 Connecticut Avenue, N.W., Washington, D.C. 20036-5306
(202) 955-8500

www.gibsondunn.com

CBrennan@gibsondunn.com

November 3, 2006

Direct Dial
(202) 955-8685

Fax No.
(202) 530-9627

Client Matter No.
C 74209-00023

VIA ELECTRONIC CORRESPONDENCE
AND FIRST CLASS MAIL

C. Coleman Bird, Esq.
Senior Trial Counsel
United States Department of Justice
Commercial Litigation Branch / Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

Re: *Raytheon Company v. United States, Court of Federal Claims, Case No. 05-448C*

Subj: Defendant's October 31, 2006 Correspondence Regarding its Objections to Plaintiff's Second Set of Requests for Production of Documents

Dear Mr. Bird:

This letter is in response to Defendant's correspondence dated October 31, 2006, wherein Defendant contends that there is no proper basis for a motion to compel Defendant's production of documents to Raytheon Company's ("Raytheon's") Second Set of Requests for Production of Documents ("second discovery requests"). Instead, Defendant proposes a "meet and confer" to discuss "what documents the Defendant is prepared to search for and produce in response to Raytheon's various requests, and the timing of such production." In addition, Defendant requests the basis for certain of Raytheon's responses in its letter dated October 23, 2006 to Defendant's discovery objections.

First, I contacted you both by voicemail and electronic mail on November 1, 2006, and requested that you call me that day to discuss resolution of Defendant's objections to Raytheon's

EXHIBIT
G

second discovery requests and Defendant's letter of October 31. It is now November 3, 2006, and I have received no response from you. As you know, Defendant's production of documents to Raytheon's second discovery requests was due over two weeks ago. We would very much like to avoid having to burden the Court with discovery issues, but we are also unwilling to accept continual delays. I note, for example, that Defendant's production of documents in response to Raytheon's First Set of Requests for Production of Documents was *over two months late*. Raytheon is willing to "meet and confer" concerning Defendant's discovery objections as you propose; however, Raytheon expects Defendant to be available to do so. If you do not respond by the close of business November 6, 2006 to discuss this matter or propose a reasonable date no later than November 8, 2006 to discuss this matter, Raytheon intends to move to compel production of Defendant's documents. Our request for a courteous response from you is more than reasonable.

Second, since we have been unable to conduct a "meet and confer," this letter provides a written response to Defendant's request for the basis of certain of Raytheon's statements in its letter dated October 23, 2006. In its October 31 letter, Defendant requests that Raytheon provide the basis for its responses to Defendant's objections to Requests Nos. 3, 4, 6, 8, 10, and 11 in its October 23 letter, wherein Raytheon states that the requested documents should be in Defendant's possession and are not easily obtainable from sources within Raytheon's possession, custody, and control. These Requests ask for the production of "all incurred cost submissions, final indirect cost rate proposals, forward pricing rate proposals, and DCAA audit reports and related workpapers related to each of the foregoing submissions and proposals" for: (1) "each year from 1979 through 1998" related to the Greenville Operations [RFP No. 3] and Waco Operations [RFP No. 4]; (2) "for each year from 1979 through 2001" related to Aerospace [RFP No. 6] and Optical [RFP No. 8]; and (3) "for each year from 1979 through 2000" related to PWF [RFP No. 10] and the Austin Operations [RFP No. 11].

Your letter asserts that these "are documents that Raytheon and its predecessors in interest prepared, and should be more readily available in their files than in the files of various Government offices that have been subject to periodic reorganization and relocation as offices open and close." The DCAA audit reports and related workpapers were obviously not prepared by Raytheon and its predecessors in interest, and are available only from DCAA. Moreover, the incurred cost submissions and final indirect cost rate proposals were in most instances prepared and submitted by companies that were neither owned nor controlled by Raytheon. There is no obligation for contractors to maintain such records beyond the limited period of time specified in the Federal Acquisition Regulation, and, in our experience, most contractors do not maintain such records. There is also no obligation to acquire such records when one company acquires another company, and, in our experience, companies rarely, if ever, acquire these records. The fact is that Raytheon does not have these records or any way to obtain them other than from Defendant. Raytheon acquired the Printed Wire Fabrication segment as part of the Texas Instrument Defense Business acquisition in 1997 and acquired Optical Systems as part of the

merger with Hughes Aircraft in 1997. The requested documents were not provided to Raytheon in these acquisitions. Raytheon acquired Aircraft Integration Systems as part of the E-Systems acquisition in 1995 and the subsequent acquisition of Chrysler Technologies in 1996, and, again, the requested documents were not provided to Raytheon in these acquisitions. With regards to Aerospace, Raytheon acquired it as part of the Beech Aircraft acquisition in 1980. While Raytheon does not have the requested documents in its possession, custody, or control, the DCAA is required to maintain these documents in its audit files. Indeed, DCAA's standard audit programs refer to the "permanent" files that DCAA maintains for all of the contractors that it audits. Some of the e-mail correspondence Defendant produced in response to Raytheon's first discovery request suggests that, notwithstanding DCAA's audit requirements, certain of the responsive documents may have been discarded. As Raytheon requested in its October 23 letter, if Defendant failed to maintain these documents, then *please so state.* The purpose of the DCAA permanent file is to maintain such cost information. Again, if the DCAA did not maintain these documents, then simply state so, rather than continuing to object to these discovery requests.

We look forward to hearing from you regarding this matter.

Sincerely,

Christyne K. Brennan

cc: Karen L. Manos, Esq.