U.S. Department of Justice

Civil Division

CCBird
DJ No. 154-05-448

Telephone: 202.307.0453
Facsimile: 202.514.7965

Washington, D.C. 20530

November 6, 2006

BY FACSIMILE (202.530.9533) AND
FIRST-CLASS MAIL

Karen L. Manos, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

Re: Raytheon Co. v. United States,
Court of Federal Claims No. 05-448C

Dear Ms. Manos and Ms. Brennan:

This is in response to Ms. Brennan's letter dated November 3, 2006, which responded to my letter dated October 31, 2006.

Raytheon's inordinate discovery demands provide no reasonable, good faith basis for the motion to compel that it apparently desires to file with the Court. In Ms. Brennan's letter, she complains that Government counsel did not return her call (placed at 1:45 p.m. last Wednesday) that same afternoon, as she had demanded both by voice mail and by e-mail, and later suggests that this failure to meet her demands was a lapse in courtesy. Letter at 1-2. As I hope that both you and she are aware, absent exigent circumstances clearly not present here, it is simply not reasonable to demand that opposing counsel return a call within a matter of hours, and no discourtesy could reasonably be inferred from any failure to meet such a demand. To the contrary, common courtesy suggests that counsel should recognize that other matters may prevent the receiving counsel from making the instantaneous response that requesting counsel would prefer, and should refrain from making such unreasonable demands. In this regard, I am responding today because, due to preparation for and taking depositions in another matter on November 1-3, this is the first opportunity I have had to respond.

Ms. Brennan also complains that the Government produced documents in this case "*over two months late.*" Letter at 2 (emphasis in original). That is not the case, as I am confident she and you are both aware. RCFC 34 requires a party responding to a document request to serve a timely written response, which the Government did in this case. It does not require that the party produce the

EXHIBIT
tabbies
H

responsive documents to the requesting party on the date it serves its RCFC 34 response. If you are aware of any authority to the contrary, please let me know.

The "Meet and Confer." Since we will be meeting for the deposition of Mr. McKenna starting at 9:30 a.m. on Thursday (November 9), I suggest that we meet and confer about these discovery matters in person at the conclusion of that deposition.

Thank you and Ms. Brennan for providing the limited responses to the questions that I posed in my October 31 letter in an effort to ascertain the basis for Raytheon's assertion that the documents that Raytheon has demanded, documents that Raytheon (and its predecessors in interest) prepared and submitted to the Government in some instances almost 30 years ago, are readily available to the Government but not in Raytheon's possession, custody, or control. Although I requested that you advise what efforts Raytheon has made to ascertain whether the requested documents were within Raytheon's possession, custody, or control, that question was not answered. Instead, there was some generalized discussion about the alleged document acquisition and retention practices of contractors in general, with no specific answers regarding Raytheon. I would reiterate my previous question, and also ask whether Raytheon ever acquired these documents (or the right to have access to such documents) as part of the acquisition of any of the segments in question, and, if so, what happened to the documents. Finally, please advise the basis for Raytheon's apparent belief that DCAA (or the Government generally) had an obligation to retain – in perpetuity – any of the requested documents, either as part of DCAA's "permanent" file or otherwise.

We look forward to discussing these matters with you in more detail on Thursday. I should also add that I am sending this response to you by facsimile (in addition to first-class mail) rather than by e-mail, because our e-mail system has been out of service all day today. Please do not send anything that is time-sensitive by e-mail until further notice.

Sincerely,

C. Coleman Bird
Senior Trial Counsel
Commercial Litigation Branch

cc: Christyne K. Brennan, Esq.
(by facsimile (202.530.9533))

Larry Rabyne, Esq.
(by facsimile (202.530.9533))