GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1050 Connecticut Avenue, N.W., Washington, D.C. 20036-5306
(202) 955-8500
www.gibsondunn.com
CBrennan@gibsondunn.com

November 8, 2006

Direct Dial
(202) 955-8685

Fax No.
(202) 530-9627

Client Matter No.
C 74209-00023

VIA FACSIMILE AND FIRST CLASS MAIL

C. Coleman Bird, Esq.
Senior Trial Counsel
United States Department of Justice
Commercial Litigation Branch / Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

Re: *Raytheon Company v. United States, Court of Federal Claims, Case No. 05-448C*

Subj: Defendant's November 6, 2006 Correspondence Regarding its Objections to Plaintiff's Second Set of Requests for Production of Documents

Dear Mr. Bird:

This letter is in response to Defendant's correspondence dated November 6, 2006, wherein Defendant contends that Raytheon Company's ("Raytheon's") "inordinate discovery demands provide no reasonable, good faith basis for the motion to compel." Furthermore, Defendant needlessly repeats its previous requests concerning certain of Raytheon's Second Set of Requests for Production of Documents ("second discovery requests"), which Raytheon already responded to in its letter dated November 3, 2006.

As Raytheon has stated before, we would very much like to avoid having to burden the Court with discovery issues. However, we will not continue to quibble with you over what is the

EXHIBIT
I

appropriate amount of time to respond to a voicemail[1] or answer repetitive inquiries concerning Raytheon's second discovery requests.

As the correspondence in this matter makes clear, Raytheon does not possess the requested incurred cost submissions, final indirect cost rate proposals, forward pricing rate proposals, and DCAA audit reports and related workpapers or have any way to obtain them other than from Defendant. Indeed, Raytheon requested these documents from the Government before the inception of this litigation. At that time, the Defense Corporate Executive asked the Defense Contract Audit Agency (DCAA) to obtain the documents. However, when the Government determined as a policy matter that it would not pay any pension deficit claims, DCAA apparently ceased doing any further audit work and failed to provide the requested documents to Raytheon. Raytheon has continually advised the Government that it does not have these documents and requested the Government to produce these documents, which the Government should have maintained.

We look forward to conducting the "meet and confer" with you tomorrow. We are hopeful that we can finally resolve this discovery issue.

Sincerely,

Christyne K. Brennan

cc: Karen L. Manos, Esq.

100110046_1 (2).DOC

---

[1] In this most recent communication round, you did not respond until five (5) days after receipt of my voicemail, and only after I advised you of such in my letter dated November 3, 2006.