**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **RAYTHEON COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-448C** |
| | ) | **(Judge Firestone)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant** | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS IN RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant, the United States, respectfully submits this memorandum in opposition to Plaintiff's Motion to Compel Defendant to Produce Documents in Response to Plaintiff's Second Set of Requests for Production of Documents ("Pl. Mot."), filed November 10, 2006.[1]

As we demonstrate below, Raytheon's motion should be denied as unnecessary, and a pointless imposition upon the Court's time. There is no issue as to Document Requests Nos. 1 and 2, and Nos. 5, 7, 9, and 12, and 15. The only issues relate to (a) Requests Nos. 3, 4, 6, 8, 10, and 11, and (b) Request No. 13. These requests are overbroad, but, in each instance, defendant has undertaken to search for, and produce, the only documents that could conceivably be relevant. That search is already under way. Nonetheless, Raytheon has refused to withdraw its motion to compel.

[1] Plaintiff filed its motion to compel on November 10, 2006, a Federal holiday. By Order dated November 14, 2006, entered after consultation with the parties the day before, the Court scheduled a status conference on plaintiff's motion for November 22, 2006, and directed defendant to file its response by 12:00 noon on November 21, 2006.

## ARGUMENT

### I. PLAINTIFF'S MOTION SHOULD BE DENIED

As we demonstrate below, there is no issue with respect to Requests Nos. 1, 2, 5, 7, 9, 12, 14, and 15. The Government has produced all the responsive, non-privileged documents that it has been able to locate in response to these requests. The remaining Requests (Nos. 3, 4, 6,8,10, and 11, and No. 13) are overbroad and objectionable on their face. Nonetheless, as defendant has already advised Raytheon after the November 9, 2006 "meet and confer" conference, defendant is already searching for the non-objectionable portion of these requests. *See* Letter dated November 13, 2006, from C. Coleman Bird to Karen L. Manos (copy attached as Attachment No. 1). Thus, the Government is already conducting a search for the only portion of those requests that could reasonably be regarded as relevant – contractor submissions and DCAA audits of Government reviews of documents that reflect either (i) the amount of pension costs that was actually allocated to any of the segments in question (or to certain portions of such segments) during any of the more than 20 years covered by these requests, or (ii) the segment's or segment portion's contract mix during any year in which pension costs were allocated to it. On this basis, defendant requested that Raytheon withdraw its motion. *Id.* Raytheon refused. *See* Letter dated November 15, 2006, from Ms. Manos to Mr. Bird (copy attached as Attachment No. 2).

The Court will recall that Raytheon waited until what it thought was the last possible date to serve the discovery requests that are the subject of its motion to compel, so that defendant's response would be due on October 13, 2006, the last day of the discovery period. Raytheon miscalculated the date, however, with the result that defendant's responses were due on October

16, after the close of the discovery period. Raytheon then opposed *any* extension of time beyond October 13 (except for the depositions that Raytheon itself desired to take and the parties were attempting to schedule), even for purposes of receiving defendant's written responses to Raytheon's Rule 34 document production requests. Even though the discovery period had expired, defendant took the position that it would serve its written responses on October 16, and did so, without waiting for the Court to act upon the parties' differing motions for an enlargement of the discovery period.

After an exchange of correspondence that is attached to Plaintiff's Motion, defendant suggested that the parties hold their "meet and confer" regarding defendant's objection on November 9, when they would be at plaintiff counsel's office for the McKenna deposition. Since most of the documents requested were documents (such as incurred cost submissions, forward pricing rate proposals, *etc*.) that Raytheon itself (or its predecessors in interest) had created and submitted to the Government, defendant attempted in this correspondence, without success, to determine whether these documents were "obtainable from some other source [*i.e.*, plaintiff's own files or upon request addressed to the entity that sold the segment to Raytheon] that is more convenient, less burdensome, or less expensive." RCFC 26(b)(2). These efforts were rebuffed with sweeping assertions that Raytheon did not have the documents, without ever saying that Raytheon had ever looked for them.

When the parties on November 9, Raytheon first insisted that the "meet and confer" be held before, rather than immediately after, the McKenna deposition, and threatened to file its motion to compel immediately unless defendant acquiesced in Raytheon's scheduling demand. *See* Attachment No. 1, at 2. In order to avoid burdening the Court with an unnecessary motion,

defendant agreed. After hearing plaintiff's views, and plaintiff's representations that Raytheon had, in fact, looked for the documents in question and had made inquiries of the sellers of these segments (even though plaintiff refused to state which of these companies had been contacted), Government counsel stated that he wanted to consider plaintiff's views further, and discuss them with Mr. Rabyne (DCMA counsel), and would respond by the next business day (Monday, November 10), with a proposed search. Attachment No. 1, at 2. Plaintiff's counsel again threatened to file the motion to compel unless Government counsel would undertake to provide on November 10 a schedule for the completion of the search, an agreement that was plainly impossible under the circumstances. *Id*.

As previously noted, on November 10, 2006, defendant responded with its proposed search, and asked Raytheon to withdraw its motion. Raytheon refused. *See* Attachments Nos. 1 and 2.

For the Court's convenience, we will address each of the requests in logical groupings.

**Requests Nos. 1 and 2.** Defendant has today sent a CD containing scanned images of all of the responsive, non-privileged documents that were located by a reasonable search consistent with the requirements of RCFC 34. These requests seek a Department of Defense Inspector General Report (entitled "Evaluation of Contractor Accounting and Estimating for Postretirement Benefit Costs and Related DOD Oversight"), as well as all workpapers relating to the preparation of this report (which related to approximately 23 contractors, one of which was Raytheon). It was necessary to ask the DODIG's office to search for these workpapers, and we produced all that they were able to locate. There is no issue with respect to these requests.

**Requests Nos. 3, 4, 6, 8, 10, and 11.** In identical language, these requests demand, for each of the four segments (or certain parts thereof),[2] and for a period of 20 or more years (from 1979 to at least 1998 in every case, and to 2000 or 2001 for three of the segments), the production of "all incurred cost submissions, final indirect cost rate proposals, forward pricing rate proposals, and DCAA audit reports and related work papers relating to each of the foregoing." *See, e.g.*, Request No 3.

Raytheon has represented that it has none of these documents. This is most surprising, since these requests relate to such segments or parts of segments during the recent period in which Raytheon itself owned them. It is simply not credible that Raytheon would not have retained copies of the incurred cost submissions, final indirect cost rate proposals, and forward pricing rate proposals that Raytheon itself prepared and submitted to the Government, particularly for the more recent period (1996 – 2001).

In addition, these requests are overbroad on their face. The only conceivable relevance of this discovery is to calculate the Government's share of the pension deficits (or surpluses) of the various segments for purposes of the CAS 413 segment closing calculation. Therefore, only those documents that reflect either (i) the amount of CAS 412 pension cost that was actually allocated to the segment, or (ii) the segment's contract mix (*i.e.*, the share of the segment's business that was made up of CAS-covered contracts and subcontracts) during any year in which pension cost was actually allocated to the segment, could have any relevance. Every incurred cost submission, final indirect cost rate proposal, and forward pricing rate proposal does not

---

[2] For convenience, we will refer to the Printed Wire Fabrication ("PWF") unit as a segment, even though there is an issue whether it was in fact a segment for CAS 413 purposes.

necessarily involve pension cost, and would not necessarily have such information. Similarly, every DCAA audit report or workpaper relating to such contractor submissions does not necessarily have such information. To the extent that any of these documents do have such information, defendant has agreed to search for them, and will produce them as soon as the search can be completed.[3] Because of the nature of the segments and portions of segments involved, and the various changes and relocations in the Government offices involved, the search itself will take time (in order to perform a thorough search). Review of any documents that are located for responsiveness and possible privilege will necessarily take additional time. We will produce these documents as soon as this process has been completed. Raytheon should not be heard to complain of any prejudice resulting from the time that it reasonably takes to perform this search. Much of this delay is of its own making. If these documents were so essential for its case, it should have requested them before the end of the previous discovery period.

**Requests Nos. 5, 7, 9, and 12.** These requests are not at issue with respect to plaintiff's motion.

**Request No. 13.** This request is for DCAA's "permanent file" for each of the four segments. Like the requests for all indirect cost submissions, *etc*., discussed above, this request is also overbroad on its face. Every document in DCAA's "permanent file" relating to these segments does not relate to pension cost, or to the segment's contract mix, or to any other issue in this case. There is no basis to require that these "permanent files" be produced in their entirety for Raytheon's benefit, regardless of the relevance of the documents they contain. It is

[3] Defendant is making a partial production today of a small number of documents responsive to these requests that have been located to date.

our understanding, and we are checking to confirm this, that each of these "permanent files" was previously searched for documents responsive to Raytheon's requests, and that any responsive documents that were located were already produced. If we determine that any of these "permanent files" were not searched, we will cause them to be searched, and will produce any responsive, non-privileged documents that are located that have not already been produced.

**Request No. 14.** Defendant is producing today the three pages that are responsive to this request, relevant, and not privileged. There is, therefore, no issue with respect to this request.

**Request No. 15.** This request is for DCAA workpapers relating to DCAA's audit reports concerning three of the four segment-closing claims in question (for the Aerospace and Optical segments, and the Printed Wire Fabrication unit). Defendant believes that these documents should have been previously produced, and is checking to make sure that they were not missed in the previous search.

**Conclusion**

For the foregoing reasons, defendant respectfully requests that the Court enter an order denying plaintiff's motion to compel in all respects.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

OF COUNSEL:

LAWRENCE S. RABYNE
Defense Contract Management Agency
1523 W. Central Road
Arlington Heights, IL 60005-2451

Dated: November 21, 2006

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965

Attorneys for Defendant United States of America

**CERTIFICATE OF FILING**

I hereby certify that on the 21st day of November, 2006, a copy of the foregoing Defendant's Opposition to Plaintiff's Motion to Compel Defendant to Produce Documents in Response to Plaintiff's Second Set of Requests for Production of Documents was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird