GIBSON, DUNN & CRUTCHER LLP
LAWYERS
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1050 Connecticut Avenue, N.W., Washington, D.C. 20036-5306
(202) 955-8500
www.gibsondunn.com
KManos@gibsondunn.com

November 15, 2006

Direct Dial
(202) 955-8536

Fax No.
(202) 530-9533

Client Matter No.
C 74209-00023

VIA EMAIL AND FIRST CLASS MAIL

C. Coleman Bird, Esq.
Senior Trial Counsel
United States Department of Justice
Commercial Litigation Branch / Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

Re: *Raytheon Company v. United States, Court of Federal Claims, Case No. 05-448C*

Subj: Defendant's November 13, 2006 Correspondence Regarding the Deposition of John McKenna and the Parties' Meet and Confer

Dear Mr. Bird:

This letter is in response to your letter dated November 13, 2006.

Regarding your first point, the McKenna deposition transcript will speak for itself, and I would not hesitate to provide a complete copy of the transcript to the Court. My comments, while admittedly intemperate, were made at the end of a very trying deposition in response to your provocation and insults. The deposition began badly with the "meet and confer" (discussed below) when it became apparent that you had objected to producing documents without even knowing what they were (*i.e.*, the incurred cost submissions and final indirect cost rate proposals) or having made any effort to determine whether the documents were in the government's possession, and refused to provide a date certain by when any of the documents – including those that should have been but were not produced in response to our February 2006 discovery request – would be produced.

Mr. McKenna is one of only three fact depositions Plaintiff has noticed in this case. We carefully selected the depositions with a view toward minimizing the time and cost for both parties. Mr. McKenna was the Contractor Insurance/Pension Review ("CIPR") Center person who performed the joint Defense Contract Audit Agency ("DCAA")-CIPR Center reviews of the four segment closings at issue in this case, and was the person who prepared the CIPR report for two of the four segment closings. Defendant has inexplicably failed to produce the CIPR reports for the other two segment closings, and Mr. McKenna testified that no one has ever asked him to search his files or produce these reports.

It quickly became apparent that Mr. McKenna was completely unprepared for the deposition. As a consequence, it took nearly 7 hours to go through 34 exhibits. Although many of the deposition exhibits were written by Mr. McKenna, Mr. McKenna denied being able to recall a single one. Throughout the deposition, you interposed argumentative and suggestive objections that appeared designed solely to interrupt and delay the proceedings. These objections culminated with an objection of asked and answered to my very first question about the last exhibit, which I had just shown to Mr. McKenna. When I objected to your interposing such baseless objections, you proceeded to tell me that you noticed a "certain edge" of unpleasantness in all of your dealings with me, and asked whether I "abused everyone in [my] professional life." It was in response to that exchange that I made the comments quoted in your letter.

The government contracts bar is a close-knit, collegial group, and government contracts litigation is generally very civil and friendly. In 20 years of practice, I have never met anyone that is more obstructionist and uncooperative in discovery matters. I am quite frankly frustrated by that, and by the fact that your actions have needlessly prolonged and increased the costs of this litigation.

I disagree with your characterization of the "meet and confer." You were the one who requested an in-person meet and confer after our lengthy exchange of letters and emails failed to make any progress in either resolving Defendant's objections to Plaintiff's Second Requests for Production of Documents or obtaining Defendant's agreement to produce *any* of the requested documents, including documents that should have been, but were not, produced in response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. After making this request, you refused to return our emails and telephone calls trying to schedule the meet and confer. Then, just as we were about to file a motion to compel, you said you wanted to have the meet and confer when the parties were together for the McKenna deposition.

Your letter requesting the meet and confer stated that you would "discuss what documents the Government is prepared to search for and produce in response to Raytheon's various requests, and the timing of such production." Despite this assurance, you were not only unprepared to civilly discuss Defendant's discovery objections, but you irately refused to inform Plaintiff of the documents that Defendant was prepared to search for and produce, as well as the

timing of such production. Instead, you contended that Defendant needed *more* time to provide Plaintiff with a date certain for production of its documents and determine which documents it would, in fact, produce. Although Mr. Rabyne was present at the meet and confer, you insisted that you needed this additional time to discuss the matter with him. Defendant has had Plaintiff's second discovery requests for over two months. This is more than a reasonable amount of time for Defendant to determine a date certain for production of documents and decide which documents it would search for and produce. As a result of the fast approaching fact discovery deadline and Defendant's continued failure to assure Plaintiff that the documents requested in Plaintiff's second discovery requests will be produced, Plaintiff was forced to seek the assistance of the Court in resolving this matter.

Defendant's proposal to search for documents that reflect either "the amount of pension cost that was actually allocated to any of the segments in question during any of the years covered by these requests" or "any such segment's contract mix during any year in which pension cost was allocated to it" does not resolve Plaintiff's Motion to Compel. First, Defendant's proposal does not provide a date certain for the production of *any* of the documents. Second, Plaintiff's Motion to Compel requests the production of documents to Plaintiff's second discovery requests in their entirety, not only Request Nos. 3, 4, 6, 8, 10, and 11. As we have stated before, many of the documents requested in Plaintiff's second discovery requests were documents that should have been, but were not, produced by Defendant in response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, dated February 16, 2006. Among other requested documents, Defendant has failed to produce: (1) a complete copy of the DODIG report titled "Evaluation of Contractor Estimating and Accounting for Postretirement Benefits and Related DoD Oversight, Project No. 8OC-9011" [Request No. 1]; (2) the final version of the DODIG report titled "Evaluation of Contractor Estimating and Accounting for Postretirement Benefits and Related DoD Oversight, Project No. D1988OA-0034" [Request No. 2]; and (3) certain bates stamp pages and documents referred to in certain bates stamp pages [Request Nos. 14 and 15]. Defendant's eleventh-hour proposal to resolve this discovery dispute is not only incomplete, but it fails to address the very reason for Plaintiff's Motion – Defendant's failure to provide a date certain for production of documents. As a result, Plaintiff will not withdraw its Motion to Compel.

Please feel free to call me or Christyne Brennan if you would like to discuss these issues further.

Sincerely,



Karen L. Manos

cc: Christyne K. Brennan, Esq.