**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **RAYTHEON COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-448C** |
| | ) | **(Judge Firestone)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant** | ) | |

**DEFENDANT'S MOTION FOR AN**
**ENLARGEMENT OF TIME TO COMPLETE FACT DISCOVERY**

Pursuant to RCFC 6(b) and 6.1, defendant, the United States, respectfully requests that the Court enter an order granting an enlargement of time of 42 days (to and including January 26, 2007) within which to complete the remaining fact discovery in this case. Absent the requested enlargement, the parties would be required to complete the remaining fact discovery by December 15, 2006. *See* Order dated October 20, 2006. This is defendant's second request for an enlargement of time for this purpose, the Court having granted defendant's first request in part in its October 20 order. On December 15, 2006, undersigned counsel for defendant discussed this motion with Christyne K. Brennan, Esq., counsel for plaintiff, who advised that plaintiff would not consent to defendant's motion.

We understand that the Court directed in its October 20, 2006 order that there would be no further extensions of the fact discovery deadline in this case. *See* October 20, 2006 Order ("[n]o further extensions shall be granted"). We are compelled to request such an extension, with considerable reluctance, for two reasons. First, although considerable progress has been made, it will not be possible to complete the massive search for the documents that plaintiff has demanded (most of which documents plaintiff itself or its predecessors in interest provided to the

Government ) by the current deadline (December 15, 2006). Second, the additional time is also needed to permit defendant to file a motion to compel, if necessary, to obtain proper responses to Defendant's Notice of Deposition under RCFC 30(b)(6) and Requests for Production of Documents ("Defendant's Notice of Deposition") (copy attached as Attachment "A").

**The Status of Defendant's Document Search**. As the Court is aware from the telephone status conference that the Court conducted on November 22, 2006, concerning plaintiff's motion to compel, plaintiff has demanded that defendant produce all incurred cost submissions, final indirect cost rate proposals, and forward pricing rate proposals, and Defense Contract Audit Agency ("DCAA") audit reports and related work papers relating to such submissions and proposals, for all of the four segments at issue in this case (Aerospace, Aircraft Integration Systems, Optical, and the Printed Wire Fabrication business unit) for a period of more than 20 years (from 1979 to 2001). Because of a host of factors, including (i) the length of the covered time period, (ii) the number of segments involved, (iii) the involvement of some of the businesses in the performance of classified contracts (which makes obtaining access to records more difficult), and (iv) the complex corporate history, including numerous changes in the ownership of the segments and internal restructuring over the covered time period, and the resulting number of DCAA offices at various levels within the agency that have to be contacted in the search, this is a massive undertaking. We have made our best efforts to meet the December 15, 2006 deadline, but will not be able to do so.

We expect to make a partial production next week (in the form of scanned images on CDs) of at least seven boxes of documents that have been received and reviewed for responsiveness and privilege to date. We understand that one DCAA office has requested that

17 boxes be retrieved from archival storage (which can take as long as 10-14 days), and that DCAA will commence its review as soon as those documents are received (which might be as early as today). In addition, responses must be received from a number of other DCAA offices regarding the results of their searches. Further, as the search has progressed, various suggestions have been made of additional offices and locations that might possibly have responsive documents, and these leads are being pursued as well. The additional time requested will be needed to make sure that a reasonable search is done and the documents can be reviewed for responsiveness and privilege, and then produced to plaintiff.

We would also note that defendant has no reason to delay this search unnecessarily, because, as the Court observed during the November 22 telephone status conference, defendant also needs the results of this search, at least in part (to locate documents that relate to the amount of pension cost allocated to any of the four segments during the covered period, or the allocation of such cost to various contract types of the segment in any covered years).

**Defendant's RCFC 30(b)(6) Notice of Deposition.** The additional time is also needed to permit defendant to obtain proper responses to its Notice of Deposition (Attachment "A"). On November 13, 2006, defendant served by hand delivery its Notice of Deposition, which required a response by December 13, 2006, and set the deposition of plaintiff for the following day, December 14, 2006. Plaintiff never sought a protective order, nor did plaintiff serve any response to the document requests or produce any documents on December 13, when required. Instead, plaintiff transmitted its response by facsimile on the afternoon of December 14, while the deposition was under way. At the December 14 deposition, plaintiff's designated representative (Mr. Terence Murphy) was unable to provide any information at all in response to

major subject matters that had been designated in Schedule "A" of the Notice of Deposition. He had no information at all on how the amount of PRB liability that plaintiff contends it is entitled to recover in the CAS 413.50(c)(12) segment-closing adjustments was calculated, or about the actuarial or other assumptions that were used, and the basis for such calculations (Schedule "A," ¶ 4). He was similarly unable to answer any questions about the amounts, values, or calculations of pension and PRB liability in plaintiff's own claims, or the basis for such amounts, values, or calculations (*id.*, ¶ 5). He also had no information in response to ¶ 6 of Schedule "A" regarding what search, if any, plaintiff had performed for documents requested in Schedule "B" of the Notice.

Defendant needs the additional time requested to obtain the transcript of this deposition and file a motion to compel plaintiff to provide proper responses to the Notice of Deposition, including both a continuation of the RCFC 30(b)(6) deposition of plaintiff, and plaintiff's production of the documents requested in the document requests in Schedule "B" of the Notice.

**Conclusion**

For the foregoing reasons, defendant respectfully requests that the Court enter an order granting the requested enlargement of time to complete fact discovery.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

OF COUNSEL:

LAWRENCE S. RABYNE
Defense Contract Management Agency
1523 W. Central Road
Arlington Heights, IL 60005-2451

Dated: December 15, 2006

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965

Attorneys for Defendant United States

**CERTIFICATE OF FILING**

I hereby certify that on the 15th day of December, 2006, a copy of the foregoing Defendant's Motion for an Enlargement of Time to Complete Fact Discovery was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird