**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **RAYTHEON COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-448C** |
| | ) | **(Judge Firestone)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant** | ) | |

**DEFENDANT'S MOTION FOR AN ORDER**
**<u>MODIFYING EXPERT WITNESS DISCOVERY SCHEDULE</u>**

Defendant, the United States, respectfully requests that the Court enter an order modifying the existing expert witness discovery schedule so that plaintiff Raytheon Company ("Raytheon") would serve its expert witness disclosures and discovery responses initially on the existing schedule, to which the Government would respond, and then both parties would file any rebuttal reports in sequence.

The grounds for the motion are that, under the circumstances of this case, the simultaneous exchange of expert reports, expert witness disclosures, and responses to written expert witness discovery requests that the current schedule requires will defeat the Court's purpose of having a full and fair exchange of expert views. We propose the following schedule:

| | |
|---|---|
| May 18, 2007 | Deadline for plaintiff's submission of expert reports, expert witness disclosures under RCFC 26(a)(2), and responses to written expert witness discovery requests |
| June 29, 2007 | Deadline for defendant's submission of expert reports, expert witness disclosures under RCFC 26(a)(2), and responses to written expert witness discovery requests |
| July 31, 2007 | Deadline for plaintiff's submission of any rebuttal expert reports |

| | |
|---|---|
| August 27, 2007 | Deadline for defendant's submission of any rebuttal expert reports |
| October 1, 2007 | Close of expert discovery |
| October 9, 2007 | Parties shall file a joint status report regarding the next steps in the litigation |

On May 16, 2007, undersigned counsel for defendant discussed this motion by telephone with Christyne K. Brennan, Esq., counsel for Raytheon, who left a voice mail message later that day stating that plaintiff would oppose this motion.

*Background*. The Court will recall that, in December, defendant sought the opportunity to file a motion to compel Raytheon to provide a proper response to defendant's RCFC 30(b)(6) notice of deposition. *See* Defendant's Motion for an Enlargement of Time to Complete Fact Discovery (Document No. 43), filed December 15, 2006 at 3-4.

*Defendant's RCFC 30(b)(6) Notice of Deposition*. Defendant's Notice of Deposition (copy attached to this motion as Attachment 1) asked Raytheon to provide a knowledgeable witness to testify about how the segment closing calculation was made for each of the four segments at issue, including all actuarial and other assumptions used in such calculations, and the basis for such assumptions and calculations. Specifically, Schedule "A" of Defendant's Notice required Raytheon to provide information about the following designated subjects:

> 4. a. the amount of liability for PRBs that plaintiff contends should be included in the CAS 413.50(c)(12) segment-closing calculation for each Segment; and
>
> b. the calculation of any such amount and the Basis for such calculation, including, without limitation, all actuarial and other assumptions used and the Basis for such assumptions.
>
> 5. The amounts, values, and calculations contained in the claims for the recovery of the CAS 413 segment-closing adjustment, including the claims for PRB liability, that plaintiff

> submitted to the Government with respect to each Segment, and the Basis therefor, including, without limitation, all actuarial and other assumptions used and the Basis for such assumptions.

Notice of Deposition Schedule "A," ¶¶ 4-5 (Attachment 1).[1]

*The RCFC 30(b)(6) Deposition*. At the deposition, however, Raytheon's designated representative (Mr. Terence Murphy) was unable to provide any information either about how the amount of PRB liability claimed was calculated, or the basis for such calculations (Schedule "A," ¶ 4), or about the amounts, values, or calculations of either PRB or pension liability in Raytheon's own claims, or the basis for such amounts, values, or calculations (including the actuarial and other assumptions used and the basis for such assumptions) (*id*. ¶ 5). Raytheon's designated representative was able to provide little, if anything, beyond the information that was claimed on the face of the claim itself. The details of the calculations (and, in particular, the details of the calculation of each segment's claimed pension deficit and PRB liability as of the date of segment closing) were apparently unknown to Raytheon, and known only to its actuary, Mercer Human Resources. *See* Transcript of Deposition of Terence Murphy, dated December 14, 2006, at 146-51 (Raytheon's designated RCFC 30(b)(6) witness could not explain how Mercer calculated the amount of the pension deficit for the Aerospace segment or any other

---

[1] The term "Basis" was defined broadly in Schedule "A" as follows:

> The term "the Basis" when used in reference to a position, assertion, or contention of law or fact shall mean the factual, regulatory, accounting, actuarial, technical, legal, and any and all other bases for such position, assertion, or contention, as applicable, including, without limitation, all documents and calculations relied upon for such position, assertion, or contention.

Notice of Deposition, Schedule "A", ¶ I.2.

segment); 190-192 (witness could not provide any information about how Mercer calculated the amount of PRB liability that Raytheon claimed for any segment) (see Attachment 2, which contains copies of the cited pages).

As a result, defendant sought an enlargement of time within which to complete fact discovery by, among other things, filing a motion to compel plaintiff to comply with the requirements of RCFC 30(b)(6). *See* Defendant's December 15, 2006 Motion (Document No. 43, at 3-4.

*Raytheon's Opposition*. Raytheon opposed defendant's motion. *See* Plaintiff's Opposition to Defendant's Motion for an Enlargement of Time to Complete Fact Discovery ("Pl. Opp."), dated December 21, 2006 (Document No. 44). In its opposition, Raytheon acknowledged that it had not provided the information required by the RCFC 30(b)(6) Notice, but said that it would provide this information later in its expert witness reports. Raytheon stated:

> Determining the amount of a pension or PRB deficit (*i.e.*, the difference between the actuarial accrued liabilities and the market value of the assets allocated to a segment) is *an extremely complex undertaking* that requires the services of an actuary. Like most government contractors, Raytheon has engaged the services of an independent actuary to make those calculations [the segments' pension and PRB deficits]. This Court has established a schedule for submission of expert reports. Raytheon intends to submit an expert actuarial report, which will cover, among other things, the amount of the pension and PRB deficits for each of the segment closings in this case.

Pl. Opp. at 7-8 (emphasis added).

*The January 19, 2007 Status Conference and Order*. On January 19, 2007, the Court considered defendant's motion at a telephone status conference. The Court denied defendant's

request for an enlargement of time within which to file a motion to compel regarding the RCFC 30(b)(6) deposition of Raytheon. Although there is no transcript of this status conference, defendant understood that the Court accepted Raytheon's argument that the information that defendant had attempted to obtain through the RCFC 30(b)(6) deposition of Raytheon would be provided by Raytheon at the expert report stage. The Court issued an order later that same day, in which it granted defendant's motion for additional time but only for defendant to complete the production of documents, and not for defendant to file its planned motion to compel. *See* Order dated January 19, 2007, ¶ 1 ("The government's motion, filed December 15, 2006, for an enlargement of time is GRANTED for the sole purpose of completing the production of documents.").

*The Problem of Simultaneous Exchanges*. The Court made clear during the January 19, 2007 telephone status conference that it wanted each party's experts to confront and engage the views of the other party's experts, in order to enhance the Court's understanding of the clash of competing opinions and the bases therefor (and, in this way, avoid the "ships passing in the night" problem of expert opinions that fail to confront and address the contrary views of opposing experts). During the conference, the Court noted that the expert witness discovery schedule that the parties had proposed in their Joint Status Report filed December 8, 2006 had provided for only a single exchange of expert reports, with no opportunity for rebuttal expert reports. The Court requested that the parties propose a revised expert witness discovery schedule that would include an opportunity for expert rebuttal reports. *See* January 19, 2007 Order ¶ 2.

The Court's desire for a meaningful exchange of expert opinions will be effectively frustrated if the exchange of expert reports, disclosures, and discovery responses is made simultaneously rather than sequentially. Defendant will not know until it receives the expert reports of plaintiff's designated experts, and plaintiff's related expert disclosures and discovery responses, the bases for the critical calculations of the pension and PRB deficits of each of the four closed segments. Defendant's expert cannot express an opinion concerning calculations that the expert has never seen, particularly calculations relating to what plaintiff admits is "an extremely complex undertaking." Pl. Mot. at 7. It appears that the assets and liabilities of no fewer than eight separate pension plans are involved in the calculation of the pension deficits of the four segments, with additional complexities on the PRB calculation. Determining what portion of the assets and liabilities of each of these pension and PRB plans plaintiff claims is attributable to each of the various segments, and how that apportionment is accomplished is plainly critical to a proper calculation. At this point, until plaintiff provides these detailed calculations to defendant, defendant can only speculate about the bases for the calculations of the values contained in plaintiff's claims. No purpose would be served by providing an expert report that does not, and cannot, address plaintiff's detailed calculations, information that defendant properly and timely sought to obtain during the fact discovery period without success.

As a result, the only way to make sure that the experts have an opportunity to engage and challenge the contrary opinions of opposing experts is to require that the exchange of expert reports, disclosures, and discovery responses be made sequentially and not simultaneously.

**Conclusion**

For the foregoing reasons, defendant respectfully requests that the Court enter an order modifying the expert witness discovery schedule as requested above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965

Attorneys for Defendant United States

OF COUNSEL:

LAWRENCE S. RABYNE
Defense Contract Management Agency
1523 W. Central Road
Arlington Heights, IL 60005-2451

Dated: May 17, 2007

**CERTIFICATE OF FILING**

I hereby certify that on the 17th day of May, 2007, a copy of the foregoing Defendant's Motion for an Order Modifying Expert Witness Discovery Schedule was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird