IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **RAYTHEON COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 05-448C** |
| | ) | **Judge Nancy B. Firestone** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN ORDER MODIFYING EXPERT WITNESS SCHEDULE**

Plaintiff Raytheon Company respectfully submits this Opposition to Defendant's Motion for an Order Modifying Expert Witness Schedule ("Defendant's Motion"). On January 24, 2007, Defendant submitted the parties' most recent proposed schedule for expert discovery to the Court. In its transmission of the proposed schedule, Defendant stated that "the parties have discussed and agreed upon a revised schedule for expert witness discovery to propose for the Court's consideration." However, despite this agreed schedule which was incorporated into the Court's January 29, 2007 Order, and the day before expert witness disclosures, expert reports and responses to written expert witness requests were required to be exchanged, Defendant has moved for an order modifying the expert witness schedule. Defendant's basis for it request to stagger the expert witness schedule is solely that its expert "cannot express an opinion concerning calculations that the expert has never seen." Defendant's counsel has apparently not bothered to review the documents produced in discovery because all of the detailed actuarial calculations supporting Raytheon's segment closing adjustment proposals for each of the four segments at issue in this case have been produced. Consequently, there is no basis whatsoever for Defendant's motion.

## I. DEFENDANT'S ASTONISHING CONTENTION THAT IT WILL NOT KNOW THE BASES FOR PLAINTIFF'S CLOSING SEGMENT CALCULATIONS UNTIL IT RECEIVES PLAINTIFF'S EXPERT REPORT, EXPERT DISCLOSURE AND DISCOVERY RESPONSE IS ERRONEOUS AND WITHOUT MERIT

Defendant contends that it "will not know until it receives the expert reports of plaintiff's designated experts, and plaintiff's related expert disclosures and discovery responses, the bases for the critical calculations of the pension and PRB deficits of each of the four closed segments." Defendant's Motion at p. 6. Defendant's contention is erroneous and wholly without merit.

Defendant knows or should know the bases for Raytheon's pension and postretirement benefit ("PRB") deficit calculations for each of the four closed segments because the government was provided this information by Raytheon over four years ago. Raytheon included these detailed actuarial calculations[1] in its segment closing adjustment proposals that it submitted to the government after the sale of each of the four segments. Indeed, these segment closing submittals were reviewed by both the Defense Contract Audit Agency ("DCAA") and Defense Contract Management Agency Contractor Insurance/Pension Review ("CIPR") team. As Terence J. Murphy, former Assistant Controller for Government Accounting of Raytheon testified in Raytheon's 30(b)(6) deposition, the CIPR team's actuary, George Matray, communicated directly with Mercer, and no exceptions were taken to the amount of the deficits computed by Mercer. Murphy Dep. Tr. 151, 194-95 and attached hereto as Exhibit 1. Furthermore, Mr. Murphy testified that in preparing Raytheon's claims, he used the pension and PRB deficits computed by Mercer. *Id.* at 194-95.

---

[1] The pension and PRB deficits of each of the relevant segments were determined by Raytheon's outside actuary, Mercer Human Resources.

By way of illustration, attached as Exhibit 2 is the pension and PRB deficit calculation that Raytheon submitted for the Printed Wire Fabrication segment closing.

Mercer's detailed actuarial calculations for all four of the segment closings were produced by both Plaintiff *and Defendant* in the course of discovery in this action. At no time, however, has the government ever taken exception to the amount of the deficits computed by Mercer. Astonishingly, Defendant now contends that it does not know the bases for the pension and PRB calculations and as a result, alleges that a staggered schedule for expert discovery is necessary. Defendant's motion is nothing short of frivolous and appears to have been filed for no other purpose than to delay these proceedings.

## II. DEFENDANT'S FAILURE TO MEET THE COURT'S DEADLINE FOR EXCHANGE OF EXPERT REPORTS, EXPERT DISCLOSURES AND DISCOVERY RESPONSES DOES NOT JUSTIFY STAGGERING THE EXPERT SCHEDULE AND EXTENDING DEFENDANT'S TIME TO PRODUCE ITS EXPERT REPORT, EXPERT DISCLOSURE AND DISCOVERY RESPONSE

At the eleventh hour, Defendant requests that the expert schedule remain the same for Plaintiff, but be extended for Defendant and thus staggered, on the basis of information known to Defendant prior to the parties agreeing upon the current schedule for expert discovery. The Court should not continue to indulge Defendant's flagrant disregard for the Court's scheduling orders.

On December 15, 2006, Defendant filed a Motion for Enlargement of Time to Complete Fact Discovery on the basis that (1) it failed to meet the Court's deadline for producing documents; and (2) it was contemplating filing a motion to compel a further RCFC 30(b)(6) deposition because Plaintiff's designated witness testified that Plaintiff relied on its independent actuary, Mercer, to compute the amount of the pension and PRB deficits, but the witness – Mr. Murphy - could not independently explain the complex actuarial calculations. It is worth noting

that Defendant's counsel asked the witness to testify about these calculations from memory, without showing him any of the documents prepared by Mercer.

On December 21, 2007, Raytheon filed its Opposition to Defendant's Motion for Enlargement of Time to Complete Fact Discovery stating that determining the amount of a pension or PRB deficit (*i.e.*, the difference between the actuarial accrued liabilities and the market value of the assets allocated to a segment) is an extremely complex undertaking that requires the services of an actuary and like most government contractors, Raytheon engaged the services of an independent actuary – Mercer – to make those calculations. Moreover, Raytheon stated that contrary to Defendant's assertion, Mr. Murphy provided Raytheon's response to all of the areas listed in the notice of deposition. The problem was not that Mr. Murphy was "unable to provide any information," but that Defendant's counsel did not like the information Mr. Murphy provided.

On January 19, 2007, the Court granted Defendant's Motion for Enlargement of Time to Complete Fact Discovery for the sole purpose of completing the production of documents, but did not grant the motion to allow Defendant to file a motion to compel further deposition discovery regarding the pension and PRB deficits. At no time during the course of the parties' discussions regarding the expert discovery schedule did Defendant request that the expert reports, disclosures and discovery requests be staggered as it now proposes. Indeed, on January 24, 2007, *after* the Court ruled on Defendant's Motion for Enlargement of Time as discussed above, Defendant transmitted the parties' proposed schedule for expert discovery to the Court [Exhibit 3], which was incorporated into the Court's Order dated January 29, 2007.

Now, almost four months later and on the eve of the expert discovery deadline, Defendant contends that the schedule should be staggered, resulting in an enlargement of time

for Defendant to produce its expert report, expert disclosure and discovery response. Plaintiff objects to such enlargement of time for Defendant, as well as the staggering of the expert discovery schedule. As set forth above, there is no merit to Defendant's contention that it does not know the bases for the pension and PRB deficit calculations of each of the four closed segments. Indeed, Defendant's Motion appears to be nothing more than a stall tactic.

## CONCLUSION

Defendant's continued attempts to delay the progress of this case is unfairly prejudicing Plaintiff's ability to prepare its case and causing Plaintiff to incur needless costs in responding to frivolous motions. Defendant should not be permitted to file such an unmeritorious motion for modification of the expert discovery schedule. Raytheon therefore respectfully requests the Court to deny Defendant's Motion for an Order Modifying Expert Witness Schedule.

Respectfully submitted,

Date: May 22, 2007

Karen L. Manos by Christyne K. Brennan
CHRISTYNE K. BRENNAN

Karen L. Manos
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8536
Facsimile: (202) 530-9533
kmanos@gibsondunn.com

Attorney of Record for Plaintiff
RAYTHEON COMPANY

Of Counsel:
Christyne K. Brennan
GIBSON, DUNN & CRUTCHER LLP

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2007, a copy of the foregoing Plaintiff's Opposition to Defendant's Motion for an Order Modifying Expert Witness Schedule was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Christyne K. Brennan

100227849_2.DOC