**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **RAYTHEON COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-448C** |
| | ) | **(Judge Firestone)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant** | ) | |

**DEFENDANT'S MOTION FOR AN**
**ENLARGEMENT OF EXPERT WITNESS DISCOVERY SCHEDULE**

Pursuant to RCFC 6(b) and 6.1, defendant, the United States, respectfully requests that the Court enter an order granting an enlargement of time of two weeks of all of the dates in the current expert witness discovery schedule set forth in the Court's May 24, 2007 Order. We request the following modified schedule (for the Court's convenience, the current dates are set forth in brackets next to the requested dates):

| | |
|---|---|
| July 2, 2007 [June 18, 2007] | Deadline for submission of expert reports, expert witness disclosures under RCFC 26(a)(2), and responses to written expert witness discovery requests |
| August 13, 2007 [July 30, 2007] | Deadline for submission of rebuttal expert reports |
| September 14, 2007 [August 31, 2007] | Deadline for submission of replies to rebuttal expert reports |
| October 12, 2007 [September 28, 2007) | Close of expert discovery |
| October 26, 2007 [October 12, 2007] | Parties shall file a joint status report regarding the next steps in the litigation |

Absent the requested enlargements, the parties would be required to meet the schedule set forth in brackets above. See Order dated May 24, 2007. This is defendant's first request for an

enlargement of time for this purpose. On June 12, 2007, undersigned counsel for defendant discussed this motion with Christyne k, Brennan, Esq., counsel for plaintiff Raytheon Company, who stated that plaintiff would not consent to this motion.

The grounds for the motion are that, despite the Government's best efforts, it will not be possible to provide the Government expert's report, and the Government's expert witness disclosures, and responses to plaintiff's written expert witness discovery requests, by June 18, 2007, the current deadline. We understand, and appreciate, that the Court has already granted both parties a month's extension (from May 18 to June 18) in response to our motion for an order modifying the expert witness discovery schedule (to provide for sequential expert witness discovery). Unfortunately, while we have used that time to good advantage, we will still need an additional two weeks before we will be able to provide the expert report and initial expert witness discovery required by the Court's order.

As the Court is aware, plaintiff has asserted claims for four separate segment closings. The four segments (including one alleged segment) were covered by at least eight separate pension plans, some with a complicated history, as well as by a number of additional PRB plans. In order to make a proper calculation of the segment closing adjustment under CAS 413.50(c)(12), it is necessary to calculate and determine the pension assets and liabilities allocable to each segment at the time of segment closing. In order to make these calculations and determinations, it is necessary to review and understand (i) the history of each pension plan, including the historical sources of its pension assets and liabilities and its relationship to the particular segment that was closed, and (ii) the basis for the assumptions and methods that were used to calculate and determine the assets and liabilities for each segment. Although plaintiff

has produced in discovery over 21,000 pages of documents, it has provided only minimal documentation beyond the claims themselves that support the calculations made in the claims, and the assumptions and methods used.

Further, the Government does not enjoy the advantage that plaintiff has, in that plaintiff's retained outside actuarial firm (Mercer) prepared the original claims and calculations, and its personnel are intimately familiar with the plans involved, and the calculations and assumptions used. Unlike plaintiff's expert or experts, however, the Government's expert has had to start from the bare claims themselves (and the limited documentation that plaintiff provided) in order to attempt to assess the validity of the assumptions, methods, and values that plaintiff used in its calculations of the amounts claimed. The brief, two-week enlargement requested will provide a reasonable opportunity to complete the expert's report and provide it to plaintiff.

**CONCLUSION**

For the foregoing reasons, we respectfully request that the Court enter an order granting the requested two-week enlargement and revising the expert witness discovery schedule as requested above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

OF COUNSEL:

LAWRENCE S. RABYNE
Defense Contract Management Agency
1523 W. Central Road
Arlington Heights, IL 60005-2451

Dated: June 12, 2007

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965
E-Mail: Coleman.Bird@usdoj.gov
Attorneys for Defendant United States

**CERTIFICATE OF FILING**

I hereby certify that on the 12th day of June, 2007, a copy of the foregoing Defendant's Motion for an Enlargement of Expert Witness Discovery Schedule was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird