**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **RAYTHEON COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 05-448C** |
| | ) | **Judge Firestone** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Rule 15 of the Rules of the United States Court of Federal Claims, Plaintiff Raytheon Company ("Raytheon") respectfully requests leave to amend its Complaint to conform its claimed segment closing adjustment amounts to the segment closing calculations of its expert, Steven G. Vernon, FSA, EA, as set forth in Raytheon's Rebuttal Expert Report dated November 30, 2007. The proposed amendments will not require deviation from the current case schedule as set forth in the Court's Scheduling Order dated November 16, 2007. Furthermore, the proposed amendments will not necessitate additional fact discovery because the amendments simply amend the claim amounts, not the allegations set forth in Raytheon's original Complaint. At the most, such amendments may only necessitate minimal additional expert discovery which is currently ongoing. Indeed, the parties have over three more months to conduct expert discovery as the current deadline for the close of expert discovery is March 7, 2008. This is Raytheon's first request to amend its Complaint.

RCFC 15(a) states that leave to amend "shall be freely given when justice so requires." As the Federal Circuit has acknowledged:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded....If the underlying facts or circumstances

> relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Te-Moak Bands of Western Shoshone Indians v. United States,* 948 F.2d 1258, 1260 (Fed.Cir. 1991) *quoting Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227 (1962). As discussed below, none of the factors identified as necessitating the denial of a motion for leave to amend – undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to Defendant, or futility of amendment – are present in this action.

First, there has been no undue delay. In the course of responding to the Government's Expert Report, Raytheon submitted its Rebuttal Expert Report on November 30, 2007, wherein Raytheon's Expert, Steven G. Vernon, FSA, EA, set forth the bases for his segment closing calculations for the Aircraft Integration System, Raytheon Aerospace, Optical Systems and Printed Wire Fabrication segments. Mr. Vernon's segment closing adjustment amounts differ slightly from the amounts utilized to prepare the Government's share of the pension and post-retirement benefit adjustment amounts that are included in Raytheon's Complaint for these four segments. Raytheon's original calculations were based on the calculations of Raytheon's actuary, Mercer Human Resource Consulting. However, as stated in Mr. Vernon's Rebuttal Expert Report:

> Because we independently performed calculations, we did not expect to match Mercer's results precisely to the dollar. In some instances, we found that Mercer understated the segment closing adjustments. In other instances, we found that Mercer overstated the segment closing adjustments. However, in general, our results were not materially different....In my opinion, the amounts we have calculated are more appropriate measurements of the applicable segment closing adjustment amounts than the amounts Mercer calculated for the reasons explained in this report.

Raytheon's Rebuttal Expert Report, p. 4. Accordingly, to be consistent with its independent expert's calculations, Raytheon has moved promptly to amend its Complaint to conform the claimed segment closing adjustment amounts to the calculations set forth in its Rebuttal Expert Report dated November 30, 2007.

Second, there is no bad faith or dilatory motive for seeking this amendment. Raytheon's amendments to its Complaint are not sought as a dilatory measure or for the purposes of delay. Furthermore, Raytheon's proposed amendments are not made in bad faith since the bases for its amendments are the actuarial calculations prepared by Raytheon's independent expert in this litigation. As stated in Mr. Vernon's Rebuttal Expert Report:

> Actuarial calculations are inherently imprecise as they involve assumptions about future events, e.g., incidences of retirement and death, where actual experience could be different from the assumptions used. Note that actuaries may differ in their conclusions even when applying reasonable assumptions and appropriate methods. Also, actuaries may arrive at similar conclusions even when using different approaches to the issue at hand.

Raytheon's Rebuttal Expert Report, pp. 7-8. Raytheon proposes its amendments in good faith and with no improper motive.

Third, this is Raytheon's first request to amend its Complaint and therefore, there have been no "repeated failure[s] to cure deficiencies" pursuant to previous amendments.

Fourth, Defendant will not be unduly prejudiced by these amendments. Raytheon does not seek to amend the allegations set forth in its original Complaint. Instead, Raytheon seeks to amend only the dollar amounts of its claims. Furthermore, allowing the amendment will result in little additional expert discovery. Expert discovery is ongoing and Defendant will not be prejudiced by Raytheon's proposed amended Complaint at this juncture in the litigation.

Fifth and finally, the proposed amendments are not futile. To determine whether a proposed amendment is futile, courts "simply decide whether a party's proposed amendment is facially meritless and frivolous." *St. Paul Fire and Marine Ins. Co. v. U.S.*, 31 Fed.Cl. 151 (1994). The bases for Raytheon's proposed amendments are its expert's independent settlement closing adjustment calculations which are set forth in a 100+ page Rebuttal Expert Report. Such amendments are far from facially meritless and frivolous.

Given that motions to amend are liberally granted and because none of the concerns that would preclude such a ruling is present in this case, Raytheon respectfully requests that the Court grant this Motion for Leave to Amend its Complaint and permit the filing of Raytheon's First Amended Complaint attached to this Motion as Exhibit A.

Counsel for Raytheon contacted counsel for Defendant to request Defendant's consent to the relief set forth in this Motion. Counsel for Defendant stated that he did not want to take a position on this Motion until after he reviewed Raytheon's First Amended Complaint.

Respectfully submitted,

Date: November 30, 2007

s/Karen L.Manos
Karen L. Manos, Esq.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8536
Facsimile: (202) 530-9533
kmanos@gibsondunn.com

Attorney of Record for Plaintiff
RAYTHEON COMPANY

Of Counsel:

Christyne K. Brennan, Esq.
GIBSON, DUNN & CRUTCHER LLP

100344397_1.DOC

CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November, 2007, a copy of the foregoing Plaintiff's Motion for Leave to Amend Complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Christyne K. Brennan
Christyne K. Brennan