IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RAYTHEON COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | ) | No. 05-448C<br>Judge Nancy B. Firestone |

# PLAINTIFF RAYTHEON COMPANY'S STATUS REPORT

Pursuant to the Court's Order dated March 26, 2008, Plaintiff Raytheon Company respectfully submits this status report. Although the Court's Order requested that the parties file a *joint* status report regarding the next steps in the litigation, the parties conferred and generally disagree on the proposed next steps. Thus, the parties agreed to file separate status reports advising the Court of their position on the next steps in the litigation.

In this regard, Plaintiff proposes that a trial date be scheduled in September 2008. The issues in this litigation are largely factual and suitable for trial. This case has been pending since April 2005, and the parties have completed both fact and expert discovery. There is only one overarching legal issue that lends itself to summary judgment: whether Plaintiff's post-retirement benefits ("PRB") plans are covered by Cost Accounting Standards ("CAS") 412 and 413. That issue affects only a portion of Plaintiff's claims and could be briefed and decided along with the other issues at trial, and need not further delay the disposition of this matter.

Conversely, Defendant contends that the parties should now proceed with cross-motions for summary judgment on (1) whether Plaintiff's PRB plans are covered by CAS 412 and 413 as either a supplemental, separately funded plan which provide retirement benefits to all of the participants in the basic pension plan within the meaning of CAS 412-50(a)(7) or an integral part of the respective pension plan within the meaning of CAS 412-30(a)(20), (2) Plaintiff's computation of the segment closing adjustment amounts (*i.e.*, the pension and PRB deficits), and

(3) Plaintiff's computation of the Government's share of the segment closing adjustment amounts. Moreover, Defendant has proposed that Plaintiff should be the first to file a motion for summary judgment, after which Defendant would file an opposition and cross-motion for summary judgment. Particularly with regard to Plaintiff's computation of the segment closing adjustment amounts and government's share, Defendant's proposal is inappropriate, inefficient and unfair to Plaintiff. If the Court were to adopt Defendant's proposal, Plaintiff would be forced to devote its principal brief to guessing all of the potential objections that Defendant might make to Plaintiff's calculations and responding to those objections. If Plaintiff moves first with regard to the segment closing calculations, it will be taking a "shot in the dark" and the relevance of its motion will likely be overcome by Defendant's cross-motion. Plaintiff would not know for certain what, if any, objections Defendant intends to make to Plaintiff's calculations until Defendant files its cross-motion for summary judgment. Although we would have an opportunity to oppose the Defendant's cross-motion, we would lose any opportunity to submit a reply – since under Defendant's proposal, Plaintiff must file the first brief. Thus, under Defendant's suggestion, Plaintiff would be forced to file a motion for summary judgment on factual issues not suited to summary judgment, Plaintiff's principal brief would essentially be wasted, and Defendant would get the last word.

If the Court decides that it is necessary to proceed with motions for summary judgment on the issue of whether Plaintiff's PRB plans are covered by CAS 412 and 413, Plaintiff respectfully submits that it would be fairer for the parties to simultaneously file motions for summary judgment, followed by simultaneous opposition briefs and replies. If the Court decides that it is necessary to proceed with motions for summary judgment on the issue of Plaintiff's calculations of the segment closing adjustment amounts and the Government's share, Plaintiff respectfully submits that the Government should file first, raising whatever objections it may have, after which Plaintiff would file an opposition and cross-motion for summary judgment, in response to which Defendant would file a reply, and then Plaintiff would file a reply.

For these reasons, Plaintiff requests that a trial date be scheduled or otherwise, a status conference be scheduled with the Court to discuss any proposed motions for summary judgment.

Respectfully submitted,

Date: June 13, 2008

s/Karen L. Manos
Karen L. Manos
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8536
Facsimile: (202) 530-9533
kmanos@gibsondunn.com

Attorney of Record for Plaintiff
RAYTHEON COMPANY

Of Counsel:

Christyne K. Brennan
GIBSON, DUNN & CRUTCHER LLP

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2008, a copy of the foregoing Plaintiff Raytheon Company's Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Christyne K. Brennan
Christyne K. Brennan