# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RAYTHEON COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-448C (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |
| GENERAL ELECTRIC COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 99-172C (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## NOTICE OF APPEARANCE AT JUNE 27, 2008 STATUS CONFERENCE AND REQUEST TO ADDRESS POST RETIREMENT BENEFITS ISSUES

General Electric Company ("GE") respectfully submits this Notice that GE will attend the status conference in the above-captioned case, Raytheon Co. v. U.S., scheduled for 10:30 a.m. on June 27, 2008. Yesterday, GE became aware of the government's proposal to brief the post retirement benefits ("PRB") issues in Raytheon.[1] GE respectfully requests that this Court (1) set a briefing schedule in General Electric Co. v. U.S. ("GE") on PRB issues similar to whatever briefing schedule is set in Raytheon on PRB issues and (2) grant GE access, under the applicable protective order, to all expert reports, expert depositions, and briefs in Raytheon, including but not limited to the reports, depositions, and briefs concerning PRB issues. GE requests permission to be heard at the status conference regarding these two issues.

[1] The government's Status Report in Raytheon was not served on GE. The undersigned counsel became aware of the report through the docket on June 24, 2008.

1. Similar Briefing Schedules: The PRB issues in GE are very important to GE, as GE has asserted a PRB claim for $392 million. Expert discovery on the PRB issues in GE has been complete since November 3, 2006, and thus briefing on those issues is ready to be scheduled. Briefing from GE on the PRB issues will benefit the Court because the PRB issues in GE raise additional perspectives to the PRB issues to be addressed in Raytheon. First, our understanding is that Raytheon will focus on whether PRBs were "integral" to the pension plan at issue in that case while GE will rely on additional theories of affirmative recovery. In addition, unlike Raytheon, where apparently there was a pension deficit, the pension plan in GE was in surplus at the time of the segment closing. GE therefore plans to address the additional issue of whether, pursuant to applicable provisions and principles, the amount of PRB costs saved by the government because of a segment closing should reduce or offset any government pension surplus recovery arising from the same segment closing. Thus, setting similar briefing schedules on the PRB issues in Raytheon and GE will enable the Court to provide comprehensive and consistent principles to guide all parties. Indeed, the Court is following exactly this approach with regard to the surplus transfer issues that have been briefed on coinciding schedules in GE and Unisys Co. v. U.S., No. 05-281C.

2. Access: GE also requests access to all expert reports, expert depositions, and briefs in Raytheon, subject to the applicable protective order, because the government's arguments regarding PRBs and other issues in Raytheon may contradict the government's positions in GE.[2] Similar access has already proved valuable to GE and the Court on other issues. Recently, GE discovered key inconsistencies between the government's arguments in GE and the government's endorsement of the ERISA rate as the CAS 412 interest rate in briefs and

---

2 GE has agreed that Raytheon should have similar access to the expert materials and briefs in GE.

expert reports filed under seal in General Motors Corp. v. U.S., No. 00-40C. The contradictory government positions here may involve PRBs as well as other issues. For example, under the government's issue 7, the government or its expert may be asserting positions in materials under seal in Raytheon that would contradict the government's position on the surplus transfer issue in GE. The government appears to be asserting in Raytheon that when a segment is sold and surplus is transferred to the buyer's pension plan, and the buyer later closes the segment, the government has a legal entitlement against the buyer for a share of the original surplus transferred by the original seller. See Defendant's Status Report at 4, Raytheon Co. v. U.S., No. 05-448C (Ct. Fed. Cl. June 19, 2008). If so, this may well contradict the position of the government and its expert in GE.

GE has consulted with counsel for Raytheon and the government. Raytheon does not oppose the two requests set forth above. The government is likely to oppose GE's first request and does oppose GE's second request. The government's counsel declined to represent that the government and its expert would not make arguments in Raytheon that would, if accepted by the Court, create a precedent to be used against GE's claims and positions.

## Conclusion

The Court should (1) set similar briefing schedules on PRB issues in Raytheon and GE and (2) grant GE access to the expert reports, expert depositions, and briefs in Raytheon pursuant to the applicable protective order.

June 25, 2008

Respectfully submitted,

Richard D. Bernstein
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC 20006
Tel: (202) 303-1108
Fax: (202) 303-2000
rbernstein@willkie.com

Attorney of Record for General Electric Company

Of Counsel:
Howard Stanislawski
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Tel: (202) 736-8566
Fax: (202) 736-8711

Alan C. Brown
ENTERPRISE BUSINESS LAW GROUP LLC
8405 Greensboro Drive, Suite 210
McLean, VA 22102
Tel: (703) 584-3255
Fax: (703) 848-8333

**CERTIFICATE OF SERVICE**

On June 25, 2008, I caused the foregoing "Notice of Appearance at June 27, 2008 Status Hearing and Request to Address Post Retirement Benefits Issues" to be served via electronic mail (in .pdf format) and Federal Express mail on:

C. Coleman Bird, Esq.
Senior Trial Counsel
United States Department of Justice
Commercial Litigation Branch/Civil Division
1100 L Street, N.W.
Washington, D.C. 20004
Coleman.Bird@usdoj.gov
Tel: 202-307-0453
Fax: 202-514-7965

Counsel for Defendant in GE and Raytheon

Karen L. Manos
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8536
Facsimile: (202) 530-9533
kmanos@gibsondunn.com

Counsel for Raytheon Company

Richard D. Bernstein