ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JUL 10 2008
U.S. COURT OF FEDERAL CLAIMS

By Leave of the Judge

RAYTHEON COMPANY,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 05-448C
Judge Nancy B. Firestone

**GENERAL ELECTRIC COMPANY'S APPLICATION FOR ADMISSION TO PROTECTIVE ORDER**

General Electric Company ("GE") respectfully submits this Application for Admission to the Protective Order dated July 13, 2006 in the above-captioned case. On June 30, 2008, this Court entered the following Order in the above-captioned case:

> As discussed during the June 27, 2008 status conference held in Raytheon v. United States, Case No. 05-448C, the attorneys in all of the above-captioned CAS 413 cases shall be granted, upon proper request, access to briefs, expert testimony, and expert depositions that are subject to the protective orders in all of the above-captioned cases.

General Electric Company v. U.S., No. 99-172C, is covered by the June 30, 2008 Order. Accordingly, counsel for GE, Richard D. Bernstein, Howard Stanislawski, Alan C. Brown, Marianne Dobelbower, Montgomery E. Engel, Malvika Malhotra, Kate O. O'Leary and Jerry Wald, seek admission to the Protective Order to obtain access to past and future briefs, expert testimony and expert reports subject to the Protective Order. Ms. Dobelbower, Mr. Engel and Ms. Malhotra are Mr. Bernstein's colleagues at Willkie Farr & Gallagher. Ms. O'Leary is Senior Counsel, Litigation and Legal Policy, for GE. Mr. Wald is Pension Counsel for GE. Ms. O'Leary and Mr. Wald play a critical role in the GE litigation.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **RAYTHEON COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 05-448C** |
| | ) | **(Judge Firestone)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DECLARATION OF** Richard Bernstein

STATE OF District of Columbia )
COUNTY OF ______ )

1. My name is Richard D. Bernstein

2. My business is attorney

3. My present employer is Willkie Farr & Gallagher LLP.

4. My present occupation or job description is attorney.

5. I have received a copy of the Protective Order issued in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Protective Order.

7. I will comply with all of the provisions of the Protective Order.

8. I will hold all protected documents and information and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such documents or information to

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **RAYTHEON COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-448C** |
| | ) | **(Judge Firestone)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DECLARATION OF** Montgomery Engel

STATE OF Dist. of Columbia
)
COUNTY OF ______ )

1. My name is Montgomery Engel

2. My business is being an attorney.

3. My present employer is Willkie Farr and Gallagher LLP

4. My present occupation or job description is associate.

5. I have received a copy of the Protective Order issued in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Protective Order.

7. I will comply with all of the provisions of the Protective Order.

8. I will hold all protected documents and information and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such documents or information to

anyone not specifically entitled to access under the Protective Order, and will use the documents and information solely for purposes of this litigation, except as provided by the Protective Order.

9. At the conclusion of this litigation, I will return all originals of all protected documents and information and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: July 8, 2008

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **RAYTHEON COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 05-448C** |
| | ) | **(Judge Firestone)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DECLARATION OF** Malvika Malhotra

STATE OF District of Columbia )
COUNTY OF ______ )

1. My name is Malvika Malhotra.

2. My business is Attorney.

3. My present employer is Willkie Farr & Gallagher LLP.

4. My present occupation or job description is Attorney.

5. I have received a copy of the Protective Order issued in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Protective Order.

7. I will comply with all of the provisions of the Protective Order.

8. I will hold all protected documents and information and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such documents or information to

anyone not specifically entitled to access under the Protective Order, and will use the documents and information solely for purposes of this litigation, except as provided by the Protective Order.

9. At the conclusion of this litigation, I will return all originals of all protected documents and information and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: 07-08-08

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RAYTHEON COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-448C |
| | ) | (Judge Firestone) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DECLARATION OF KATE OBERLIES O'LEARY

STATE OF CT )
)
COUNTY OF FAIRFIELD )

1. My name is Kate Oberlies O'Leary

2. My business is in-house counsel.

3. My present employer is General Electric Company.

4. My present occupation or job description is Senior Counsel, Litigation + Legal Policy

5. I have received a copy of the Protective Order issued in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Protective Order.

7. I will comply with all of the provisions of the Protective Order.

8. I will hold all protected documents and information and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such documents or information to

anyone not specifically entitled to access under the Protective Order, and will use the documents and information solely for purposes of this litigation, except as provided by the Protective Order.

9. At the conclusion of this litigation, I will return all originals of all protected documents and information and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: 2 July 2008

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RAYTHEON COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-448C<br>(Judge Firestone) |

DECLARATION OF

STATE OF CT )
)
COUNTY OF Fairfield )

1. My name is Jerry Wald
2. My business is Legal.
3. My present employer is GE.
4. My present occupation or job description is Pension Counsel.
5. I have received a copy of the Protective Order issued in connection with the above-captioned matter.
6. I have carefully read and understand the provisions of the Protective Order.
7. I will comply with all of the provisions of the Protective Order.
8. I will hold all protected documents and information and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such documents or information to

anyone not specifically entitled to access under the Protective Order, and will use the documents and information solely for purposes of this litigation, except as provided by the Protective Order.

9. At the conclusion of this litigation, I will return all originals of all protected documents and information and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: 7/2/08

Docket No. 05448C

**UNITED STATES COURT OF FEDERAL CLAIMS**

**MEMORANDUM**

TO: JUDGE Firestone
FROM: CLERK'S OFFICE

The attached was received on 7/8/08
and the following defect(s) is/are noted:

1. ____ Untimely, due to be filed by ____________ [Rule 7.2]

2. ____ Proof of service: [Rule 5.2]
   ____ is missing; ____ is not signed and/or dated;
   ____ shows service on wrong attorney or of wrong item;
   ____ is not attached to each document or copy

3. ____ Not signed by the attorney of record [Rules 11 and 83.1(c)(2)]

4. ____ Does not comply with the provisions of Rule:

| | | |
|---|---|---|
| ____ | 5.3(a)(1)(A) | Re: table of contents or index to appendix is missing (or in wrong location) |
| ____ | 5.3(a)(1)(G) | Re: index to appendix is to be located in both the front of the brief <u>and</u> in front of the appendix |
| ____ | 5.3(b) | Re: length of briefs or memorandum |
| ____ | 5.4(c) | Re: binding |
| ____ | 5.4(d) | Re: original/copies missing |
| ____ | 5.4(g) | Re: Judge's name on all filings |
| ____ | 7(b) | Re: brief, supporting memorandum, affidavits shall be attached to motion |
| ____ | 24(c) | Re: motion to be accompanied by a pleading |
| ____ | 52.1(b) | Re: statement of facts and/or counter-statement of facts is missing |
| ____ | 56(h) | Re: proposed findings and/or response to proposed findings is missing or not a separate document |
| ____ | 77.1(a) | Re: improper use of the night box |
| ____ | 83.1(c)(1) | Re: one attorney for a party; attorney to be an individual not a firm |
| ____ | ________ | Re: ____________________ |

5. ____ Original affidavit(s)/declaration(s) is/are missing
6. ____ No provision in the Rules (or court order) for the filing of this item
7. X This case has been designated as an *ECF* case.
8. X ________________________________________

S Eason
Deputy Clerk