# In the United States Court of Federal Claims

**No. 05-448C**
**(Filed: July 28, 2008)**

* * * * * * * * * * * * * * * * * * * * *
*
**RAYTHEON COMPANY,** *
*
**Plaintiff,** *
*
**v.** *
*
**THE UNITED STATES,** *
*
**Defendant.** *
*
* * * * * * * * * * * * * * * * * * * * *

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AS PREMATURE

Pending before the court is the plaintiff's June 20, 2008 Motion to Exclude the Testimony and Written Reports of Colin England. In its motion, the plaintiff contends that Mr. England is unqualified to offer an expert opinion in the above-captioned case because Mr. England "does not have any specialized knowledge, skill, experience, training or education in how the various actuarial terms found in Cost Accounting Standards ("CAS") 412 and 413 are used in practice . . . ." Pl.'s Mot. at 1. The parties completed expert discovery on May 30, 2008, on which date Mr. England was deposed.

A determination regarding a witness's qualification to testify as an expert must consider whether the witness's testimony will "assist the trier of fact to understand the evidence or determine a fact in issue . . . ." Fed. R. Evid. 702; see also, e.g., MicroStrategy Inc. v. Bus. Objects, S.A., 429 F.3d 1344, 1355 (Fed. Cir. 2005) ("In determining whether proffered expert testimony is reliable, the district court has broad discretion to consider whatever factors bearing on validity that the court finds to be useful; the particular factors will depend upon the unique circumstances of the expert testimony involved." (quoting United States v. Hammoud, 381 F.3d 316, 337 (4th Cir. 2004) (en banc), vacated on other grounds, 543 U.S. 1097 (2005))); Cal. Fed. Bank v. United States, 395 F.3d 1263, 1270 (Fed. Cir. 2005). Because the parties have just completed expert discovery and have not yet filed any briefs before the court, and the government has not submitted any portion of Mr. England's testimony for the court's

consideration, the court cannot at this point make such a determination. See, e.g., Sierra Club v. Kempthorne, No. 07-0216-WS-M, 2007 WL 1376584, at *5 (S.D. Ala. May 8, 2007) (denying a motion to strike as premature because the experts' declarations had not yet been offered into evidence); Chamberlain Group, Inc. v. Interlogix, Inc., No. 01 C 6157, 2002 WL 653893, at *1 (N.D. Ill. Apr. 19, 2002) (In denying a motion to strike an expert report as premature, the court stated that it could not "determine whether [the expert's] testimony [would] assist the trier of fact without considering his testimony in the context of the relevant issues."). Delaying consideration of an expert's qualifications until the expert's testimony is offered to the court is particularly appropriate here, where the role of experts in assisting the court in interpreting the CAS is seriously constrained by Rumsfeld v. United Technologies Corp., 315 F.3d 1361, 1369 (Fed. Cir. 2003) ("The views of the self-proclaimed CAS experts . . . as to the proper interpretation of those regulations is simply irrelevant to our interpretive task; such evidence should not be received, much less considered, by the [court] on the interpretive issue."). Accordingly, the plaintiff's motion to exclude Mr. England's testimony and expert reports is **DENIED** as premature.

The parties shall file a joint status report no later than **Monday, August 11, 2008** proposing a summary judgment briefing schedule to resolve the PRB issue. A concurrent briefing schedule will be set in General Electric v. United States, Case No. 99-172C.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

cc: Richard D. Bernstein, Counsel for Plaintiff in General Electric v. U.S., Case No. 99-172C.